423 F.2d 6
 UNITED STATES of America ex rel. Lee Pao FEN, Relator-Appellant,
v.
P. A. ESPERDY, as District Director of the Immigration and Naturalization Service for the District of New York, or such person, if any, who may have the said Lee Pao Fen in custody, Respondent-Appellee.
 No. 733.
 Docket 33781.
 United States Court of Appeals, Second Circuit.
 Argued July 22, 1969.
 Decided March 12, 1970.
 
 Stuart Wadler, New York City, for relator-appellant.
 Daniel Riesel, Spec. Asst. U. S. Atty., Robert M. Morgenthau, U. S. Atty., for respondent-appellee.
 Before WATERMAN and HAYS, Circuit Judges, and BARTELS,* District Judge.
 WATERMAN, Circuit Judge.
 
 
 1
 We affirm the decision below.
 
 
 2
 Appellant, a native and citizen of the Republic of China and who has a wife and two minor children living in Formosa, was admitted into the United States on September 29, 1967, as a non-immigrant crewman pursuant to the the provisions of 8 U.S.C. § 1282(a). He deserted his vessel and on February 13, 1968 was picked up by immigration officers as an alien illegally in the country. He was accorded a deportation hearing on April 8, 1968, and was found to be deportable; indeed, his deportability was conceded. He applied for the privilege of departing voluntarily and was given a month in which to so depart. The month expired, and then, the day before he was required to surrender for deportation to Formosa, he moved for a stay so that he could, while remaining in this country, process a Section 203(a) (6) petition for an immigration visa chargeable to the Chinese quota. The petition was denied. However, by utilizing the appellate procedures within the Immigration and Naturalization Service, appellant succeeded in extending his illegal sojourn in the United States until June 10, 1968. Just prior to that date, on June 4, 1968, a United States Senator introduced a private bill into the United States Senate which, if passed, would authorize the admission of appellant to lawful residence.
 
 
 3
 In accordance with the custom of the Service when Congressional bills of this sort are introduced, appellant's deportation was stayed pending Congressional disposition of the bill. No action was taken on it by the adjournment of the 90th Congress, and, as the Senator's bill expired with the adjournment, appellant was ordered to surrender on March 21, 1969. Again the Service was frustrated, for a new bill was introduced into the 91st Congress on March 7, 1969 by a different Senator, and again deportation was stayed. On April 11, 1969, before action on this bill, an application for Alien Employment Certification was submitted by the appellant and his employer to the United States Department of Labor. This application was approved and an Alien Employment Certification, dated May 1, 1969, was received by his counsel on May 9, 1969. On that very same day, May 9, 1969, a visa petition by the appellant's employer to afford appellant a sixth preference classification, was filed with the Service. On May 7, 1969, the second Senator's private bill was killed. Appellant on June 12, 1969 was directed to surrender for deportation to Formosa on June 23, 1969. On June 17, appellant with new counsel requested another 60 day stay. The request was supported by an affidavit setting forth representations that appellant was entitled to a sixth preference classification, that this portion of the Chinese quota was presently current, that a petition for the issuance of an immigration visa so based had been filed, and that if the delay of 60 days were granted the American Consul in Curacao could well process appellant's papers, adjudicate the petition in favor of appellant, and promptly grant the visa. Coupled with this petition for a 60 day delay appellant once again sought permission to depart the country voluntarily, this time to go to Curacao so that the visa could be given him there. On June 18, the 60 day delay and the request for permission to depart voluntarily within that time was denied by the District Director of the Service.
 
 
 4
 Appellant then applied for a writ of habeas corpus to the United States District Court for the Southern District of New York. The alien contended that the district director, in his capacity as the delegate of the Attorney General, had abused his discretionary authority when he denied the petition for the 60 day stay of deportation. The application for the writ of habeas corpus was dismissed, the judge below holding that the district director's administrative denial was within the power delegated to that officer and that the officer had not abused the power.
 
 
 5
 The alien appeals from the order of dismissal. The only issue before us is the same one that was before the district court, whether under the circumstances of this case, the denial of the alien's motion for a stay of deportation was an abuse of the discretionary authority Congress gave the Attorney General. See Kladis v. Immigration and Naturalization Service, 343 F.2d 513, 515 (7 Cir. 1965). There was no abuse. There is no requirement that a deportable alien be permitted to remain in this country while his application for a quota preference status and an immigration visa are processed by a consular office outside the United States. Siu Fung Luk v. Rosenberg, 409 F.2d 555, 559 (9 Cir. 1969). Moreover, in the exercise of its discretionary power the Immigration Service should be permitted to consider the good faith of the applicant in determining whether, pursuant to that power, he should receive a stay of deportation. Kladis v. Immigration and Naturalization Service, supra; cf. Lam Tat Sin v. Esperdy, 334 F.2d 999 (2 Cir.), cert. denied, 379 U.S. 901, 85 S.Ct. 190, 13 L.Ed. 2d 176 (1964). In this case, the applicant's conduct has been consciously dilatory. He was granted the privilege of voluntary departure pursuant to 8 U.S.C. § 1252(b) but, after obtaining the privilege, refused so to depart, and then sought by groundless administrative actions to obtain a second time the privilege which when formerly granted to him he then had failed to utilize. His claim for a sixth preference immigration visa, a preference available to aliens with certain vocational skills, is based on the representation that he is a cook despite the fact that when he was apprehended he was working as a dishwasher. Nor does it appear why appellant waited until April 11, 1969 to apply for Alien Employment Certification. Where a claim for preference classification appears as questionable as this one, and where the skills necessary to a sixth preference appear to have been acquired, if at all, during a period of residence in this country gained by dilatory legal maneuvering, the Service is amply justified in denying a stay of deportation.
 
 
 6
 Appellant argues that the grant of a stay is mandated by Operations Instruction § 243.3, promulgated as an internal agency memorandum by the Commissioner of Immigration and Naturalization. This Instruction provides that "[a] district director may, and normally shall, grant a stay for deportation" for aliens who have applied for an immigrant visa at an American consulate which has accepted jurisdiction of the case. Although no American consulate had accepted jurisdiction of appellant's application at the time appellant applied for a stay, he blames that fact on the failure of the Immigration Service to promptly forward his Alien Employment Certification to the consulate in Curacao, N. A., as he had requested. However, as the delaying tactics pursued by appellant have been so patently lacking in good faith, we hold that even if the Curacao consulate had received the Certification and had accepted jurisdiction, and even if the Operations Instruction referred to above was then and still is binding on the Service, the Service is justified in refusing to consider this case a "normal" one within the meaning of the Instruction.
 
 
 7
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Of the Eastern District of New York, sitting by designation