MATTER OF LI

In Deportation Proceedings

A–18431665

*Decided by Board November 19, 1970*

Motion to reopen deportation proceedings is not granted merely because a third preference visa petition on behalf of respondent was approved subsequent to the entry of a final order of deportation.

ON BEHALF OF RESPONDENT:    David C. Marcus, Esquire
215 West Fifth Street
Los Angeles, California 90013
(Brief filed)

Respondent moves to reopen deportation proceedings. The motion will be denied.

The record before us reflects the following uncontroverted facts: On September 4, 1969, this Board entered an order dismissing respondent's appeal from an order of a special inquiry officer finding her deportable as an overstayed visitor and granting her a period of ten days within which to depart voluntarily from the United States. In our order, in accordance with *Matter of Villegas-Aguirre,* Interim Decision No. 1940 (BIA, 1969), we authorized voluntary departure within ten days from the date of our decision. No further extension of the voluntary departure time was granted and on respondent's failure to depart the alternate order of deportation became effective.

Thereafter, on January 15, 1970, the District Director approved a third preference visa petition filed in respondent's behalf. Called in to surrender for deportation, respondent on March 16, 1970 filed a petition under section 106(a) of the Immigration and Nationality Act in the United States Court of Appeals for the Ninth Circuit, seeking review of our order of September 4, 1969. The petition was dismissed as untimely, rehearing was denied, and on October 26, 1970 respondent's certiorari petition was denied by the Supreme Court, *Li* v. *Rosenberg,* No. 5523, October Term, 1970.

The theory of the motion now before us is that the District Director's approval of the respondent's visa petition somehow nullified the outstanding order for her deportation, so that she is permitted to remain here indefinitely until such time as her turn is reached on the quota list,[1] after which she will be eligible to apply for adjustment of her status to that of a permanent resident under section 245 of the Act without having to leave the United States. We reject that notion.

The adjudication of third preference visa petitions and of deportability are entirely separate functions which are committed to entirely distinct tribunals. Such visa petitions are adjudicated by District Directors and are reviewable on appeal to the Service's Regional Commissioners, 8 CFR 103.1(e)(2). Deportability and applications for voluntary departure are adjudicated by special inquiry officers in proceedings under section 242(b) of the Act, and such adjudications are reviewable on appeal to this Board, 8 CFR 3.1(b)(2).

The motion to reopen rests on the erroneous premise that approval of the visa petition "entitled [respondent] to adjust status in the United States to that of a lawful permanent resident" (Motion to reopen, p. 5). Approval of the visa petition had no such effect. Visa petition approval merely paves the way for later eligibility to permanent residence at such time as a quota number becomes available. If the beneficiary of the approved visa petition is permitted to remain in the United States until his turn is reached on the waiting list, visa availability is merely one of the eligibility requirements of section 245 adjustment that he is thereby enabled to meet. There are other requirements, and even if he meets them all, adjustment of status to permanent residence does not automatically follow; administrative discretion must still be favorably exercised. If the beneficiary is outside the United States when the quota number becomes available, he can then apply to a United States consul for the issuance of an immigrant visa upon which to seek admission for permanent residence. In either event, approval of a visa petition is merely a starting point on the road to permanent residence. In itself, it confers no vested rights to permanent residence.

The court cases cited by respondent all dealt with the question of the courts' jurisdiction to review various types of administrative determinations under section 106(a) of the Act. None pur-

---

[1] The third preference portion of the Philippine quota is now available only to aliens with a priority date of September 15, 1968, according to the latest State Department Visa Office Bulletin.

ports to hold that approval of a visa petition has the effect of nullifying an outstanding deportation order. Although it may be more convenient for an alien to pursue such collateral remedies while still in the United States, there is nothing in the law which requires that deportation proceedings be withheld or that execution of a deportation order be stayed during the pendency of such collateral proceedings. See *Siu Fung Luk* v. *Rosenberg*, 409 F.2d 555, 559 (9 Cir., 1969), cert. denied 396 U.S. 801; *Manantan* v. *INS*, 425 F.2d 693 (7 Cir., 1970); *Wan Cheng Shek* v. *Esperdy*, 304 F. Supp. 1086 (S.D. N.Y., 1969).

While it may be true that deportation of the respondent will render her ineligible to receive a visa under section 212(a)(17) of the Act unless she first receives permission to reapply, that is a condition which confronts all deportees. The mere fact that she has previously spurned the opportunity to depart voluntarily without the entry of a deportation order and that she has unsuccessfully litigated our prior order does not require that the privilege of voluntary departure must once more be made available to her. See *Fan Wan Keung* v. *INS*, 434 F.2d 301 (2 Cir., October 19, 1970).

**ORDER:** The motion is denied.