**Allan Gordon ARMSTRONG, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 71–1123.

United States Court of Appeals, Ninth Circuit.

Aug. 6, 1971.

**1396**

Morris Sankary, Sankary & Sankary, San Diego, Cal., for petitioner.

Stephen Suffin, INS, San Francisco, Cal., Joseph Sureck, Regional Counsel, San Pedro, Cal., Harry D. Steward, U.S. Atty., San Diego, Cal., for respondent.

Before BROWNING, KILKENNY and TRASK, Circuit Judges.

PER CURIAM:

The Board of Immigration Appeals dismissed an appeal of the petitioner from the order of the special inquiry officer directing petitioner's deportation for violation of Section 241(a)(1) of the Immigration & Naturalization Act, 8 U.S.C. § 1251(a)(1). The charge lodged against the petitioner under that section was that at the time of entry he was an immigrant not in possession of a valid unexpired immigrant visa, re-entry permit, border crossing identification card or other valid entry document, and, therefore, was excludable under Section 212(a)(20) of the Immigration & Naturalization Act. Jurisdiction of this court is found in Section 106(a) of the Act, 8 U.S.C. § 1105a(a).

Armstrong is a Canadian national, married to a permanent resident alien, and a partner in two businesses in southern California. In 1968, and again in 1969, he voluntarily departed this country and returned to Canada for brief periods following confrontations with the immigration authorities. After his later return in May of 1969, he was arrested and, after a hearing and appeal to the Board of Immigration Appeals, ordered deported from the United States. In view of his previous voluntary departures and subsequent returns, the special inquiry officer and the Board denied his request for voluntary departure.

It is Armstrong's contention that he came to this country as a temporary visitor and is entitled to remain for a six-month period. A temporary visitor must establish that he has a foreign residence to which he intends to return upon completion of his temporary visit. The special inquiry officer found that he did not have a foreign residence, but that his residence was in San Diego, California, where he was married to a permanent resident alien and where he has resided for the past two or three years and has been engaged in business.

The findings of the special inquiry officer, affirmed by the Board, are conclusive on review here if supported by reasonable, substantial and probative evidence on the record considered as a whole, and have been established by clear, unequivocal and convincing evidence. See Espinoza Ojeda v. United States Immigration & Naturalization Service, 419 F.2d 183, 186 (9th Cir. 1969). We find these issues in favor of the respondent.

Petitioner also contends that he should be granted a stay of deportation until his "papers are processed" because he has applied for an immigrant visa. This was a discretionary matter denied by the special inquiry officer whose action was also affirmed by the Board. This court has held in Bowes v. District Director of United States Immigration & Naturalization Service, 443 F.2d 30 (9th Cir. 1971), that a pending application for immigration status does not entitle an alien to a stay of deportation.

The final order for deportation is affirmed.