**DER–RONG CHOUR, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Docket No. 78–4017.**

United States Court of Appeals, Second Circuit.

Submitted March 28, 1978.

Decided April 28, 1978.

David C. Buxbaum, New York City, for petitioner.

Robert S. Groban, Jr., Sp. Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, Patrick H. Barth, Asst. U. S. Atty., New York City, of counsel), for respondent.

Before SMITH, MANSFIELD and OAKES, Circuit Judges.

MANSFIELD, Circuit Judge:

Der-Rong Chour ("Chour"), an alien Chinese crewman who in 1974 overstayed his authorized 29-day stay in the United States, absconded, and was later arrested, petitions for review of a decision of the Board of Immigration Appeals ("Board") dated February 1, 1978, denying his application to reopen the proceeding for his deportation to permit him to apply for adjustment of status pursuant to § 245 of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1255.

On February 10, 1974, Chour was admitted into the United States as a non-immigrant crewman authorized to remain not more than 29 days. He failed to depart or to obtain an extension of his stay and absconded. On July 17, 1974, he was arrested by the Immigration and Naturalization Service ("INS") in Boston. On July 18, 1974, deportation proceedings were instituted against him. On August 14, 1974, after he had been fully advised of his rights, the order to show cause why he should not be deported was read and explained to him in Chinese and English. On September 4, 1974, a deportation hearing was held before an Immigration Judge in New York City. Chour acknowledged that he understood (1)

the purpose of the hearing, (2) the interpreter provided to assist him, and (3) that he had a right to appear with his own retained counsel. He elected to speak for himself, admitted all of the essential facts establishing deportability, and accepted the INS's offer to depart voluntarily within 30 days. He was served with a decision and deportation order, both of which were explained to him, to the effect that if he did not depart voluntarily within 30 days he would be deported to the Republic of China on Taiwan or to Hong Kong. When he failed to depart within 30 days, a warrant was issued on November 20, 1974, for his deportation. Again he absconded, this time until June 6, 1977, when he was apprehended by the INS in Albany, New York.

Chour next applied to the Northern District of New York for a writ of habeas corpus on various grounds, including his acquisition of a labor certification, ownership of property, engagement to marry a permanent resident alien, and the pendency of general amnesty legislation in Congress. However, he did not advise the district court that he was already the subject of a 1974 deportation proceeding in New York or that he was the subject of a warrant of deportation because he had failed to depart voluntarily and had failed to report for deportation. When this information was adduced by the INS, Chour attacked the 1974 deportation proceeding on due process grounds. Judge Port of the Northern District dismissed his petition on the ground that Chour had not exhausted his administrative remedies, and stayed deportation for 10 days to permit him to do so.

On July 7, 1977, Chour filed a notice of appeal from Judge Port's order. (Dkt. No. 77–2074). On June 20, 1977, Chour also moved to reopen his 1974 deportation proceeding on the due process grounds referred to above, claiming that in view of more recent developments (his labor certification, engagement to a permanent resident alien, ownership of property, etc.) his deportation

would be unjust and he should be permitted to adjust his status to that of permanent resident pursuant to § 245(a) of the Act, 8 U.S.C. § 1255(a). This application was denied by Immigration Judge Gordon W. Sachs on the grounds that Chour, having entered the United States as an alien seaman, was ineligible for adjustment of status and no showing had been made of lack of due process.

Upon appeal the Board on July 14, 1977, dismissed Chour's appeal on the grounds that he had waived counsel at his earlier deportation hearing and that by his own admission he was clearly deportable. Having exhausted his administrative remedies Chour petitioned this Court for review of the Board's decision (Dkt. No. 77–4136), thus gaining an automatic stay of deportation pursuant to § 106 of the Act, 8 U.S.C. § 1105a(a)(3), and remaining in the United States, free on a $10,000 bond posted by him. This petition for review was consolidated with the appeal from Judge Port's order, by our order dated July 19, 1977.

On October 12, 1977, after carefully reviewing the record, the briefs of the parties and hearing oral argument, in an oral ruling from the bench we affirmed the order of the Northern District of New York denying Chour's petition for a writ of habeas corpus and affirmed the Board's decision with directions that the mandate issue at once. We found Chour's claims to be meritless and frivolous. On October 18, 1977, we denied rehearing and any further stay. After granting a temporary stay on October 19, 1977, Justice Marshall on November 14, 1977, dissolved the stay and on November 15, 1977, Justice Brennan denied a stay.

In the meantime Chour on September 28, 1977, filed with the INS a Form I–130 petition seeking confirmation that for immigration purposes his recent marriage was bona fide. During the period when the stay granted by Justice Marshall was pending he

applied to the INS for withholding of deportation under asylum regulations, 8 C.F.R. § 108, and § 243 of the Act, 8 U.S.C. § 1253(h), claiming that he would be persecuted politically if the deportation order were executed, even though no such request or grounds had been urged in the 1974 deportation proceedings. On January 25, 1978, the asylum request was denied and Chour was ordered by the INS to surrender for deportation by February 1, 1978. Chour then began an action in the Southern District of New York to enjoin his deportation because of the INS's approval of his I–130 petition and the existence of a consent judgment in *Stokes v. United States,* 74 Civ. 1022 (S.D.N.Y.1976). Judge Pierce issued a stay of deportation until the matter could be heard by Judge Griesa, who on February 9, 1978, concluded, after hearing the parties, that the action was "totally without merit," that this was a type of action in which aliens subject to deportation orders "use the federal courts in an endless series of meritless and dilatory tactics designed to stall departure from the country as long as possible," and that it was "really a travesty" to subject the Department of Justice, the INS and the court to "this kind of tactics" in the present case. Judge Griesa pointed out that the granting of an I–130 application simply verifies that the applicant is married to a resident of the United States, but does not change his status or provide him with a visa or any right to reside in the United States. Judge Griesa further found that the consent decree in the *Stokes* class action applies only to persons who might be eligible for adjustment of status under § 245 and not to alien seamen who are expressly excluded from its provisions. He dissolved the stay, denied injunctive relief and dismissed the complaint.

Immediately upon Judge Griesa's decision being handed down Chour's attorneys filed with us a petition for review of the decision of the Board of Immigration Appeals denying Chour's application to reopen his deportation proceeding and ordering that he be deported by February 1, 1978 (the date which was extended by Judge Pierce so that Chour's injunction suit could be heard by Judge Griesa). By filing the petition for review Chour again obtained an automatic stay of his deportation pursuant to § 106 of the Act, 8 U.S.C. § 1105a. In response to Chour's petition for review the Government on February 16, 1978, moved for summary affirmance of the Board's decision under review, and assessment of damages and double costs against petitioner or his attorney pursuant to 28 U.S.C. § 1912[1] and Rule 38, F.R.A.P.,[2] on the grounds that the petition is frivolous and interposed as a calculated delaying tactic, and for referral of the motion to this panel, which decided *United States ex rel. Chour v. Ferro,* Dkt. Nos. 77–2074 and 77–4136 on October 12, 1977.

On March 14, 1978, Chour in turn moved to consolidate his petition for review of the Board's order (Dkt. No. 78–4017) with his appeal from the decision of Judge Griesa (Dkt. No. 78–6034), assessment of damages and double costs against the INS, referral to a new panel, and a hearing.

## DISCUSSION

Because the petition for review raises for the most part substantially the same issues as those raised upon the appeal from Judge Griesa's order and in our earlier decision in *United States ex rel. Chour v. Ferro,* Dkt. Nos. 77–2074 and 77–4136, decided on October 12, 1977, the appeal has been referred to the prior panel for decision and/or oral hearing on the merits if deemed necessary.

The petition appears to represent one more step in an outrageous abuse of civil process through persistent pursuit of frivolous and completely meritless claims in an effort to stall a deportation that has been repeatedly ordered by the Board and

---

1. 28 U.S.C. § 1912 provides:

"Where a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs."

2. Rule 38, F.R.A.P. provides:

"If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."

has been affirmed by us. Chour's contentions that he is entitled to an adjustment of status under § 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255 or for a stay of deportation under the consent decree in *Stokes v. United States,* 74 Civ. 1022 (S.D.N.Y.1976), are baseless. Section 245 expressly provides that it "shall not be applicable to (1) an alien crewman." The consent judgment entered by Judge Brieant in *Stokes*[3] (¶ 41) provides that deportation will be stayed only "if approval of the [I–130] visa petition would make the beneficiary eligible to file an application for adjustment of status under Section 245 of the Act or for extended voluntary departure, provided, however, that the District Director may seek to deport where he is satisfied that the I–130 visa petition is clearly frivolous or where there are substantial adverse facts which would lead to denial of adjustment of status or extended voluntary departure." Chour, an alien seaman, is ineligible for adjustment of status, has not departed voluntarily within the period allowed him but, on the contrary, absconded and has been ordered to be deported. Approval of his I–130 petition cannot cure these deficiencies. He may not be readmitted into the United States without a waiver of deportability which the Attorney General will not issue. See § 212(a)(17) of the Act, 8 U.S.C. § 1182(a)(17). In view of his past refusal to depart voluntarily and his absconscions he would be denied any extension or reinstatement of his former right of voluntary departure. See *Fan Wan Keung v. INS,* 434 F.2d 301, 304–05 (2d Cir. 1970); *Matter of Yeung,* 13 I&NS Dec. 528 (BIA 1970). The INS's approval of Chour's I–130 petition, moreover does not render Chour eligible for adjustment of status within the

United States; he must first seek admission into the United States by applying for a visa at a United States Consulate abroad, which would require a waiver from the Attorney General in view of the order of deportation outstanding against Chour. See § 212(a)(17) of Act, 8 U.S.C. § 1182(a)(17). Nor does the approval of the Chour I–130 petition permit him to remain in the United States, *Noel v. Chapman,* 508 F.2d 1023, 1027–28 (2d Cir.), *cert. denied,* 423 U.S. 824, 96 S.Ct. 37, 46 L.Ed.2d 40 (1975); *Sui Fung Luk v. Rosenberg,* 409 F.2d 555 (9th Cir. 1969), any more than does an application made on his behalf before a United States Consulate abroad for quota preference and immigration visa. *United States ex rel. Fen v. Esperdy,* 423 F.2d 6, 8–9 (2d Cir. 1970); *Armstrong v. INS,* 445 F.2d 1395, 1396 (9th Cir. 1971). In any event, Chour has never previously presented his *Stokes* theory to the Board, which precludes review of that claim here. *Cisternas-Estay v. INS,* 531 F.2d 155, 160 (3d Cir. 1976).

Thus, there is not even a colorable legal or factual basis for the relief sought before the Board or here and, as we noted in *Ballenilla-Gonzales v. INS,* 546 F.2d 515 at 521 (2d Cir. 1976), *cert. denied,* 434 U.S. 819, 98 S.Ct. 58, 54 L.Ed.2d 75 (1977), "our government should not be forced to tolerate the practice, all too frequently adopted by aliens once they become subject to a deportation order, of using the federal courts in a seemingly endless series of meritless or dilatory tactics designed to stall their departure as long as possible." See also *Acevedo v. INS,* 538 F.2d 918 (2d Cir. 1976).

Petitioner's motion for consolidation of this petition for review with his appeal in

---

**3.** In *Stokes* the plaintiffs challenged the manner in which the INS processed spouse preference petitions (I–130 petitions) and the treatment of the alien beneficiaries of those petitions during their pendency. The preference petition procedure is the means by which the INS verifies the family relationship of a lawful United States resident and an alien of the same family. An otherwise eligible alien with such a family relationship is entitled to special preference status. See 8 U.S.C. §§ 1153(a)(1)(2)(4) and (5); *Stokes v. United States,* 393 F.Supp. 24 (S.D.N.Y.1975).

The *Stokes* consent decree establishes safeguards to insure, *inter alia,* that an alien otherwise eligible for permanent residence is not deported while his I–130 petition is being processed. Paragraph 41 of the *Stokes* decree, therefore, provides that deportation of (and deportation proceedings against) an alien beneficiary of a pending I–130 petition shall be stayed under certain circumstances. For the reasons explained, *supra,* those circumstances are not present in this case.

Judge Griesa's opinion (Dkt. No. 78–6034) and for assessment of damages and double costs against the Government and its attorney is denied. The Government's motion for summary affirmance of the decision of the Board of Immigration Appeals is granted and the mandate shall issue forthwith. Damages in the sum of $1,000 and double costs are assessed petitioner and his attorney,[4] David C. Buxbaum, Esq.

OAKES, Circuit Judge (concurring):

I concur in the entire judgment except that assessing damages in the sum of $1,000 against petitioner.

See also 49 A.D.2d 879, 373 N.Y.S.2d 199.

4. See notes 1 and 2, *supra*, and 28 U.S.C. § 1927.