15 F.3d 1087
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Nasir MAHROOZADEH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70570.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 21, 1993.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nasir Mahroozadeh, a native and citizen of Iran, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") decision finding him deportable and denying his applications for asylum and withholding of deportation pursuant to 8 U.S.C. Secs. 1253(h) and 1158(a). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.[1]
 
 
 3
 * Deportability
 
 
 4
 In reviewing the BIA's decision affirming a deportation order, we must determine whether the IJ's order is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." Corona-Palomera v. INS, 661 F.2d 814, 816 (9th Cir.1981). We grant great discretion to the BIA when it is interpreting its own regulations. Ayala-Chavez v. INS, 944 F.2d 638, 641 (9th Cir.1991).
 
 
 5
 The Immigration and Naturalization Service ("INS") may deport "any alien who was admitted as a nonimmigrant and who has failed to maintain the nonimmigrant status in which the alien was admitted." 8 U.S.C. Sec. 1251(a)(1)(C)(i). Once the INS presents a prima facie case of deportability, the burden shifts to the petitioner to produce evidence on nondeportability. Cabral-Avila v. INS, 589 F.2d 957, 959 (9th Cir.1978), cert. denied, 440 U.S. 920 (1979). A petitioner's exercise of his fifth amendment privilege during the deportability phase of the hearing "cannot be relied upon to carry forward [his] duty to rebut the Government's prima facie case." Id.
 
 
 6
 Mahroozadeh contends that the BIA erred by affirming the IJ's decision because the government failed to establish his deportability. Mahroozadeh claims the government's proof was insufficient because the government did not show that Mahroozadeh did not receive an extension of his visa and submitted as evidence documents that were not properly authenticated. These contentions lack merit.
 
 
 7
 The government introduced documents from Mahroozadeh's Order to Show Cause file, including a Form I-94 (Departure Record), which evidence that Mahroozadeh was born in Iran, came to the United States on a B-2 visa, and is an alien who remained in the United States beyond the time (April 26, 1984) permitted on his visa. The documents submitted by the government were properly authenticated by an accompanying certificate attesting that the document was in the custody of the District Director for the INS District Office in Los Angeles, California. See 8 C.F.R. Sec. 103.7(d)(2). See also Martin-Mendoza v. INS, 499 F.2d 918, 921 (9th Cir.1974) (noting that an administrative tribunal is not required to follow the Federal Rules of Evidence), cert. denied, 419 U.S. 1113 (1975).
 
 
 8
 Mahroozadeh did not testify in response to the evidence presented by the government. By remaining silent pursuant to his fifth amendment privilege, Mahroozadeh failed to rebut the presumption of his deportability established by his I-94 Form. See Cabral-Avila, 589 F.2d at 959. The BIA correctly determined that Mahroozadeh, not the INS, bore the burden of proving that he had maintained his status as a nonimmigrant visitor, see 8 C.F.R. Sec. 214.1(c)(1). The BIA, therefore, did not err by finding Mahroozadeh deportable.
 
 II
 Denial of Continuance
 
 9
 An IJ may grant a continuance for "good cause shown," 8 C.F.R. Sec. 3.27. "The decision to grant or deny a continuance is in the sound discretion of the judge and will not be overturned except on a showing of clear abuse." De la Cruz v. INS, 951 F.2d 226, 229 (9th Cir.1991). See also Avila-Murrieta v. INS, 762 F.2d 733, 736 (9th Cir.1985). To establish a due process violation, an alien must demonstrate he has suffered some prejudice. Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990).
 
 
 10
 Mahroozadeh contends that the BIA erred by finding the IJ did not violate Mahroozadeh's due process rights by refusing to grant a continuance to allow Mahroozadeh the opportunity to question the author of a Bureau of Human Rights and Humanitarian Affairs ("BHRHA") advisory letter.[2] Mahroozadeh, however, fails to show how deposing or cross-examining the author of the BHRHA letter would have affected the outcome of the proceedings. See Diaz-Escobar v. INS, 782 F.2d 1488, 1494 (1986). Furthermore, it does not appear that the IJ considered the BHRHA letter as essential evidence in his decision. See Cuadras, 910 F.2d at 573 (an IJ is not required to issue a subpoena unless satisfied the evidence is essential). Because he has not demonstrated prejudice, Mahroozadeh has failed to demonstrate a due process violation. See id.[3]
 
 III
 Asylum
 
 11
 We review whether substantial evidence supports the BIA's determination that an alien has a well-founded fear of persecution. De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990). To be entitled to asylum, an alien must show he is a "refugee". 8 U.S.C. Sec. 1158. As defined by the Immigration and Nationality Act, a refugee is "any person who is outside any country of such person's nationality ... and who is unable or unwilling to return to ... that country because of persecution or a well founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1101(a)(42)(A). To be entitled to relief an alien must show both subjective and objective components of his "well-founded" fear of persecution. "The objective component requires a showing, by credible, direct and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution". Id.
 
 
 12
 Mahroozadeh bases his application for asylum on his claim that he has a well-founded fear of persecution in Iran. Mahroozadeh, however, did not testify or otherwise proceed with his asylum application. Mahroozadeh thereby failed to establish both the objective and subjective components necessary to establish an asylum claim. See De Valle, 901 F.2d at 790. Accordingly, substantial evidence supports the BIA's determination that Mahroozadeh failed to prove a well-founded fear of persecution.
 
 
 13
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 This panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Mahroozadeh's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mahroozadeh's request that this court stay appellate proceedings pending the resolution of his application for adjustment of status, based on the filing of an immigrant visa petition by his United States citizen wife, is denied. See Armstrong v. INS, 445 F.2d 1395, 1396 (9th Cir.1971) (a pending visa application does not entitle an alien to a stay of deportation)
 
 
 [2]
 The advisory letter stated in relevant part:
 "After careful review of the information submitted, it is our opinion the applicant has failed to establish a well-founded fear of persecution upon return to Iran within the meaning of the U.N. Convention and Protocol Relating to the Status of Refugees."
 
 
 [3]
 Mahroozadeh's allegation that the IJ was biased against him "by abandoning his normal practice of continuing hearings for individuals who have just received State Department letter", is unsupported by any evidence. See Matter of Exame, 18 I & N Dec. 303, 306 (BIA 1982) (an IJ's bias against a petitioner arises only if the IJ made a decision based on inappropriate extrajudicial views)