786 F.2d 486
 5 Fed.R.Serv.3d 414
 BARTEL DENTAL BOOKS CO., INC. and Mapleton House Books,
Inc., Plaintiffs-Appellants,
v.
Peter J. SCHULTZ, Dormitory Authority of the State of New
York, Valiant Rigging & Transportation, Inc., Edward A.
Pichler, Sheriff of the City of New York and New York
Piggyback Warehouse, Inc., Defendants,
Peter J. Schultz, Dormitory Authority of the State of New
York and Edward A. Pichler, Sheriff of the City of
New York, Defendants-Appellees.
 No. 579, Docket 85-7754.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 18, 1985.
Decided March 12, 1986.
 
 Michael Rikon, New York City (Rudick and Rikon, New York City, of counsel), for plaintiffs-appellants.
 David E. Nachman, New York City (Martin Flumenbaum, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, of counsel), for defendants-appellees Peter J. Schultz and Dormitory Authority of the State of N.Y.
 Frederick A.O. Schwarz, Jr., Corp. Counsel of the City of New York, Fay Leoussis, Barry P. Schwartz, Office of the Corp. Counsel of the City of New York, New York City, for Municipal appellee Pichler.
 Before TIMBERS, MESKILL and PRATT, Circuit Judges.
 MESKILL, Circuit Judge:
 
 
 1
 This is an appeal from the grant of summary judgment by the United States District Court for the Eastern District of New York, Nickerson, J., after finding that (1) the claims of appellant Bartel Dental Books Co. (Bartel) under 42 U.S.C. Sec. 1983 (1982) were frivolous because Bartel had previously released all of its claims against defendants, and (2) the claims of appellant Mapleton House Books, Inc. (Mapleton) were barred by the doctrines of issue and claim preclusion. The district court also ordered plaintiffs to reimburse defendants New York Dormitory Authority (NYDA) and Peter J. Schultz for the costs and attorneys' fees they incurred in defending against all but one of plaintiffs' claims.
 
 
 2
 We affirm the judgment of the district court and order that sanctions for a frivolous appeal be imposed on appellants and their attorney, Michael Rikon.
 
 BACKGROUND
 
 3
 Bartel and Mapleton were family owned businesses operating out of the same warehouse. Bartel owned the warehouse and Mapleton leased it from Bartel. When NYDA condemned the property, Bartel and Mapleton filed claims for their respective losses. Later Bartel released NYDA from all claims and Mapleton gave NYDA a partial release, expressly reserving any claim it might have for relocation costs.
 
 
 4
 Although NYDA was not bound by either federal or state law to pay a business for the cost of moving its operations, it regularly followed the administrative practice of the City of New York and made such payments. Mapleton and NYDA failed to reach an agreement with regard to relocation expenses.
 
 
 5
 NYDA moved under section 405 of the New York Eminent Domain Procedure Law, N.Y.E.D.P.L. Sec. 405 (McKinney 1979), for an order directing Mapleton to vacate the premises. In its moving papers, NYDA alerted the Supreme Court that Mapleton might attack NYDA's method of calculating relocation costs. Mapleton defaulted instead and the order to vacate was granted. Mapleton then confirmed NYDA's prognostication. In Mapleton's appeal of the order to vacate, it claimed that NYDA's method of calculating relocation costs violated its rights to due process. The Appellate Division ultimately dismissed that appeal for lack of prosecution.
 
 
 6
 Mapleton's due process claim appeared a second time in a proceeding under Article 78 of the New York Civil Practice Law, N.Y.Civ.Prac.Law Sec. 7801 et seq. (McKinney 1981). There Mapleton requested a judicial determination of the proper method for calculating relocation costs and a stay of the order to vacate. The application for a stay was denied. Mapleton then abandoned the Article 78 proceeding.
 
 
 7
 Mapleton and Bartel next brought a section 1983 action in federal court alleging that the failure to grant them a plenary hearing on the amount and manner of calculating relocation expenses denied them their rights to due process and that the failure to treat them in the same manner as the other claimants denied them equal protection of the law. Defendants moved to dismiss the action. The district court treated the motion as one for summary judgment after giving the parties notice at oral argument that it intended to do so. Mapleton submitted a memorandum in opposition to the motion to dismiss, again asserting that it had a constitutional right to a hearing.
 
 
 8
 The district court found that Bartel had released all claims against NYDA when it signed a release. The court therefore concluded that Bartel's section 1983 claims were frivolous. As to Mapleton, the court concluded that because all of its constitutional claims were actually raised or could have been raised in the state court proceedings, they were barred under Migra v. Warren City School District Board of Education, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Thus, even if those claims were not barred by res judicata, they failed on the merits because Mapleton had no right to relocation expenses under either federal or state law and, therefore, there was "no right to which process [was] due." J.App. at 326. Furthermore, the court found that Mapleton had failed to make a showing that there was a genuine equal protection issue. It imposed Rule 11 sanctions against Mapleton, Bartel and their attorneys for bringing a frivolous suit.
 
 
 9
 Mapleton and Bartel claim on this appeal that the district court erred in all aspects of its decision. We disagree. Mapleton and Bartel also claim that the district judge should have recused himself because one of his law clerks had applied to become an associate in the law offices of defendant Schultz's counsel. This claim is frivolous.
 
 DISCUSSION
 1. Bartel's Release
 
 10
 The district court properly found Bartel's claims to be frivolous. Contract principles apply to the interpretation of releases. Bank of America v. Gillaizeau, 766 F.2d 709, 715 (2d Cir.1985). Bartel argues before this Court that there is parol evidence to establish that all parties to the release implicitly agreed that Bartel's claims for relocation expenses were reserved. There was no explicit reservation in Bartel's release; moreover, both the underlying settlement agreement and the release had valid integration clauses. Bartel thus seeks to contradict the plain language of the settlement agreement. That attempt clearly runs afoul of the parol evidence rule. Katz v. American Technical Industries, 96 A.D.2d 932, 466 N.Y.S.2d 378, 380 (1983).
 
 2. Claim Preclusion Under Migra
 
 11
 In Migra, the Supreme Court held that federal district courts hearing section 1983 actions should apply the law of the forum state when deciding matters of claim preclusion. 465 U.S. at 85, 104 S.Ct. at 898. The district court in this case properly found that all of the claims raised in Mapleton's section 1983 action were or could have been litigated both in the course of Mapleton's efforts to resist eviction and in the Article 78 action. It also properly found that New York courts would bar Mapleton from relitigating its constitutional claims. See O'Brien v. City of Syracuse, 54 N.Y.2d 353, 445 N.Y.S.2d 687, 688, 429 N.E.2d 1158, 1159 (Ct.App.1981) ("[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction ... are barred, even if based upon different theories or if seeking a different remedy.").
 
 
 12
 Mapleton argues that Migra does not apply when a hearing has not actually been granted by the state courts. This argument is without merit for two reasons. First, Migra emphasized that federal courts should apply the same preclusive doctrines that a state court would apply. 465 U.S. at 81, 104 S.Ct. at 896. New York courts look to whether a claim has been "brought to a final conclusion," not to whether a full evidentiary hearing has been held on the claim. See O'Brien, 445 N.Y.S.2d at 688, 429 N.E.2d at 1159. Second, the Migra Court reasoned that the legislative policy embodied in 28 U.S.C. Sec. 1738, which grants full faith and credit to state court judgments, was more important than providing a separate forum for state and federal claims. 465 U.S. at 84, 104 S.Ct. at 897. In light of this reasoning, we apply the doctrine of res judicata to the facts of this case without regard to whether a hearing was actually granted in state court.[1] Even if Mapleton's constitutional claims were not barred by res judicata, they were properly dismissed because they fail on the merits.
 
 3. Due Process
 
 13
 The Fifth Amendment to the Constitution does not give rise to a "just compensation" right for the cost of relocating a business. United States v. Westinghouse Co., 339 U.S. 261, 264, 70 S.Ct. 644, 646, 94 L.Ed. 816 (1950). Moreover, Mapleton cites no federal statute that would require NYDA to pay a condemnee's relocation expenses. The New York Constitution also does not establish a right to be paid relocation costs unless a statute expressly authorizes such payment. Dormitory Authority v. Security Mutual Insurance, 63 A.D.2d 633, 405 N.Y.S.2d 253 (1983); City of Buffalo v. Mollenberg-Betz Machine Co., 53 Misc.2d 849, 279 N.Y.S.2d 842, 849-50 (Sup.Ct.1966). Mapleton concedes as much. Its argument that it had a due process right to a full evidentiary hearing to determine the proper method of calculating relocation costs is thus frivolous.[2]4. Equal Protection
 
 
 14
 The only original claim in this action was that Schultz violated Mapleton's equal protection rights under the Fourteenth Amendment of the Constitution by offering other condemnees better relocation settlements than were tendered to Mapleton. There was no evidence, however, that Mapleton was discriminated against because it was a member of a suspect class or exercised a protected right. NYDA and Schultz correctly argue that administrative action is presumed regular unless there is some burden on a protected class or on protected rights. Cf. Bishop v. Wood, 426 U.S. 341, 350, 96 S.Ct. 2074, 2080, 48 L.Ed.2d 684 (1976). Thus, no hearing in federal court is required to determine that the action was regular. Mapleton's argument on this point is frivolous.
 
 
 15
 Because there was no genuine issue as to any material fact, NYDA was entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Therefore, the court's grant of summary judgment was proper.
 
 5. Rule 11 Sanctions
 
 16
 Mapleton's equal protection claim against Schultz was the only claim raised for the first time in its federal action. That claim was not supported by any legally relevant facts. Mapleton's other claims had already been rejected by the New York courts and were clearly without merit. Furthermore, a competent attorney could not form a reasonable belief that any of these claims were "warranted by existing law or a good faith argument for extension, modification, or reversal of existing law." Fed.R.Civ.P. 11. See also Eastway Construction Corp. v. City of New York, 762 F.2d 243, 253-54 (2d Cir.1985).
 
 
 17
 The district court clearly did not abuse its discretion when it ordered Mapleton to pay defendants' costs and attorneys' fees. The district court probably would have erred if it had not awarded attorneys' fees to NYDA and to Schultz under Rule 11 of the Federal Rules of Civil Procedure. See Eastway, 762 F.2d at 253-54. See also Harbulak v. County of Suffolk, 654 F.2d 194, 198 (2d Cir.1981) (trial court erred when it refused to award attorneys' fees to prevailing defendant where plaintiff's action under section 1983 was "unreasonable and groundless, if not frivolous").
 
 6. Recusal
 
 18
 Mapleton argues that Judge Nickerson should have recused himself when he learned that the law firm representing defendant Schultz was considering one of his law clerks, who was not working on the case, for employment as an associate. Mapleton concedes that disqualification has not been required where the clerk is not working on the case. Reddy v. Jones, 419 F.Supp. 1391 (W.D.N.C.1976). Mapleton argues, however, that another clerk who was working on the case "had to be" influenced by the knowledge that a co-worker was joining Schultz's law firm. It also argues that a hearing should have been held on the issue of recusal.
 
 
 19
 The conclusion that a law clerk "had to be" influenced by the actions of a co-worker is compelled by neither logic nor the record before us. Furthermore, the facts on the record do not justify further inquiry. This claim is also frivolous.
 
 7. Sanctions for Frivolous Appeal
 
 20
 This court has discretion to award Schultz and NYDA damages and double costs if it determines that this appeal is frivolous. Fed.R.App.P. 38. They may be awarded "as a matter of justice to the appellee[s] and as a penalty against the appellant." Fed.R.App.P. 38 advisory committee note. Bartel and Mapleton have raised only frivolous issues on this appeal. The sheer number of claims of error makes the appeal no less frivolous. Neither does the naked assertion of good faith make the claims less unreasonable. The imposition of Rule 38 sanctions on Bartel and Mapleton is justified in this case.
 
 
 21
 Attorneys can be held jointly and severally liable with their clients under Rule 38 for bringing frivolous appeals. United States v. Potamkin Cadillac Corp., 689 F.2d 379, 381-82 (2d Cir.1982); Muigai v. INS, 682 F.2d 334, 337 (2d Cir.1982); see also 28 U.S.C. Sec. 1927 (1982) ("[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct"); cf. In re Cosmopolitan Aviation Corp., 763 F.2d 507, 517 (2d Cir.), cert. denied --- U.S. ----, 106 S.Ct. 593, 88 L.Ed.2d 573 (1985) (sanctions for frivolous appeal also justified under inherent power of court).
 
 
 22
 Bartel's and Mapleton's counsel in this case should have been on notice that our patience with frivolous appeals is at an end. See, e.g., Beary v. West Publishing Co., 763 F.2d 66, 69 (2d Cir.), cert. denied --- U.S. ----, 106 S.Ct. 232, 88 L.Ed.2d 231 (1985); Potamkin Cadillac, 689 F.2d at 381-82; Muigai, 682 F.2d at 337. We refer him to our "stern warning that the United States Courts are not powerless to protect the public, including litigants who appear before the Courts, from the depredations of those ... who hold themselves out as attorneys but who abuse the process of the Courts." In re Hartford Textile Corp., 659 F.2d 299, 305 (2d Cir.1981).
 
 
 23
 In this case, counsel brought the same claims on appeal that the district court had previously found to be frivolous or baseless. The district court properly determined that the original pleading was not well grounded in fact and that it was not warranted either by existing law or by a good faith argument for reversing existing law. See Fed.R.Civ.P. 11. In his appellate brief and oral argument, counsel attempted to obfuscate the fact that his clients had no federal claim. Moreover, he fails even to offer a good faith argument for reversing the precedents that are so hostile to his clients' claims.
 
 
 24
 Affirmed with double costs against appellants Bartel and Mapleton and $1,000 attorneys' fees as damages against appellants' attorney Michael Rikon, all in favor of appellees Schultz and NYDA.
 
 
 
 [1]
 Mapleton disingenously claims that when it raised in state court the issues sought to be litigated here it was in a defensive posture. Mapleton was not in a defensive posture in the Article 78 proceeding. Moreover, we have already held that a "defensive posture" argument does not vitiate Migra. Genova v. Town of Southampton, 776 F.2d 1560, 1561 (2d Cir.1985) (per curiam)
 Mapleton also urges that it did not have a "full and fair opportunity" to litigate the question it raises here. See Kaufman v. Eli Lilly and Co., 65 N.Y.2d 449, 492 N.Y.S.2d 584, 588-89, 482 N.E.2d 63, 67-68 (Ct.App.1985); Schwartz v. Public Administrator, 24 N.Y.2d 65, 298 N.Y.S.2d 955, 958-60, 246 N.E.2d 725, 728-30 (Ct.App.1969). Mapleton questioned the method for determining relocation expenses when it opposed the motion to dismiss its direct appeal of the order to vacate. It could have pressed the issue in the Article 78 action, but chose instead to concentrate on getting a stay of the order to vacate. Mapleton had a "full and fair opportunity" to litigate the claims brought here.
 
 
 [2]
 Even if Mapleton had a due process interest in obtaining the full measure of relocation costs available to it under New York administrative law, Mapleton's interest in that benefit must be balanced against the state's interest in efficient condemnation proceedings. Cf. Cleveland Board of Education v. Loudermill, --- U.S. ----, ---- - ----, 105 S.Ct. 1487, 1492-94, 84 L.Ed.2d 494 (1985). Therefore, the only process actually due to Mapleton was notice and the opportunity to be heard on the issue. Id. at ----, 105 S.Ct. at 1494. The record contains ample proof that Mapleton had both