**BEEKMAN PAPER COMPANY, INC.,**
**Plaintiff–Appellant,**

v.

**NATIONAL PAPER PRODUCTS, Albert Harris, Stationers Distributing Company, Inc., Don Bolke, Philbro Enterprises Incorporated and Harold B. Avery, Defendants–Appellees.**

No. 728, Docket 89–7950.

United States Court of Appeals,
Second Circuit.

Argued March 14, 1990.

Decided July 16, 1990.

Harold Klapper, New York City, for plaintiff-appellant.

Michael E. Twomey, New York City (Mary B. Kilgannon, Olwine, Connelly, Chase, O'Donnell & Weyher, of counsel), for defendants-appellees Stationers Distributing Co., Inc. and Don Bolke.

Joseph M. Burke, New York City (Russo & Burke, New York City, of counsel), for defendants-appellees Philbo[1] Enterprises Inc. and Harold Avery.

Before KEARSE, CARDAMONE and MAHONEY, Circuit Judges.

PER CURIAM:

Beekman Paper Co., Inc. ("Beekman") appeals from a judgment of the United States District Court for the Southern District of New York, Thomas P. Griesa, Judge, dismissing Beekman's complaint. Appellees[2] move for costs, damages, and attorney's fees against Beekman pursuant to Fed.R.App.P. 38. We affirm the judgment below, grant appellees' motion, and write primarily to address that motion.

The allegations that prompted dismissal are as follows. Beekman is a New York corporation, with its principal place of business in Manhattan, that sells paper nationwide. Harris placed an order by phone with Beekman for paper sometime in early June, 1988. Following an exchange of paper samples and approval by Harris, Beekman shipped the paper to Dallas, Texas, where Harris received it on or about June 10, 1988. Harris sent Beekman a check dated July 1, 1988 in the amount of $17,026.02 as payment. Upon deposit, however, the check was returned to Beekman marked "Payment Stopped." Subsequently, Harris sold the paper to Philbo Enterprises Incorporated ("Philbo"), a Texas corporation with its principal place of business in Texas, which in turn sold part of the paper to Stationers Distributing Company, Inc. ("Stationers"), a Delaware corporation with its principal place of business in Texas.

Beekman filed a complaint in the United States District Court for the Southern District of New York on October 11, 1988 against National, Harris, Stationers, Stationers' president, Don Bolke ("Bolke"), Philbo, and Philbo's president, Harold B. Avery ("Avery"), alleging that Harris had failed to pay for the paper, and that the other defendants who subsequently purchased the paper had participated in a fraud against Beekman. Harris moved to

---

1. This is the correct spelling of the name of this defendant-appellee. The caption conforms with the title given to the action in the district court, as required by Fed.R.App.P. 12(a).

2. Albert Harris ("Harris"), a named defendant, apparently died on January 24, 1989, during the course of the proceedings below. Harris did business under the name National Paper Products ("National"), another named defendant. A suggestion of Harris' death was filed by his counsel of record, in purported compliance with Fed.R.Civ.P. 25(a)(1), on May 10, 1989, but it is unlikely that this was a valid filing. *See Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir.1985); *Rende v. Kay*, 415 F.2d 983, 985 (D.C. Cir.1969); *Al–Jundi v. Rockefeller*, 88 F.R.D. 244, 246 (W.D.N.Y.1980). No appearance has been made on this appeal on behalf of Harris or National. References to "appellees" hereinafter are to the named defendants-appellees other than Harris and National.

dismiss for lack of personal jurisdiction, or alternatively for transfer of the case to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a) (1988). Stationers and Bolke moved to dismiss the complaint for lack of personal jurisdiction, defective service of process, failure to state a claim, and failure to allege fraud with particularity, and also sought sanctions pursuant to Fed.R.Civ.P. 11.

In an opinion filed August 22, 1989, the district court dismissed the entire action. The court held that "no legally cognizable claim has been stated against any defendant except Harris," and dismissed the complaint on this ground as against Stationers, Bolke, Philbo, and Avery. The district court noted that although Philbo and Avery had not joined in the motion to dismiss, the claim against them was "patently baseless." The court also concluded that Harris (and National), as well as Stationers and Bolke, lacked the requisite contacts with New York to sustain personal jurisdiction. The court declined, however, to impose sanctions against Beekman because, in the court's view, "the action was disposed of promptly and with little effort or expense."

This appeal followed. Appellees contest Beekman's appeal on the merits, and also seek sanctions pursuant to Fed.R.App.P. 38.

Rule 38 provides that: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." Rule 38 damages "may include the granting of reasonable attorneys' fees to the party forced to defend the frivolous appeal." *Alvarez v. Bahama Cruise Line*, 898 F.2d 312, 318 (2d Cir.1990). On appeal, Beekman reasserts claims described variously by the district court as "no[t] legally cognizable," "fail[ing] . . . to state a claim," and even "patently baseless." As against all appellees, Beekman's arguments are totally without merit.

First, none of the appellees had any relevant contact with New York. "Personal jurisdiction over a defendant in a diversity action in the United States District Court for the Southern District of New York is determined by reference to the relevant jurisdictional statutes of the State of New York." *Beacon Enters. v. Menzies*, 715 F.2d 757, 762 (2d Cir.1983). The pertinent statute in this case is New York's long-arm statute, N.Y.Civ.Prac.L. & R. 302(a) (McKinney 1990). It is inconceivable that this statute, however liberally construed, could confer jurisdiction over parties for whom the record reveals, and Beekman's complaint pleads, absolutely no relevant contacts with New York. The argument for personal jurisdiction over them is patently frivolous.

Moreover, Beekman stated no viable claims against appellees. In fact, Philbo provided documentation to Beekman establishing that the claims against Philbo and its principal, Avery, were baseless, and Stationers and Bolke were even further removed from the transaction between Beekman and Harris.

As this court has recently stated:

Although a party which loses in the district court has the right to pursue any and all bona fide arguments upon appeal, the right to an appeal does not grant a party a license to clog the appellate docket by advancing meritless arguments for the sole purpose of harassing the prevailing party and subjecting it to undue time and expense.

*Alvarez*, 898 F.2d at 317.

We need not inquire whether the appeal as to Harris and National is "frivolous" within the meaning of rule 38. As indicated hereinabove, *see supra* note 1, no appearance has been made on this appeal in behalf of Harris or National. Accordingly, no costs or damages have been incurred in their behalf that might be compensable under rule 38. The complaint was properly dismissed as to Harris and National for want of personal jurisdiction. *See Parke-Bernet Galleries v. Franklyn*, 26 N.Y.2d 13, 17, 256 N.E.2d 506, 508, 308 N.Y.S.2d 337, 340 (1970); *Beacon Enters.*, 715 F.2d at 766.

Sanctions for a frivolous appeal may be awarded under Rule 38 " 'as a matter of

**70**

justice to the appellee[s] and as a penalty against the appellant.'" *Bartel Dental Books Co. v. Schultz,* 786 F.2d 486, 490 (2d Cir.) (quoting Fed.R.App.P. 38 advisory committee note), *cert. denied,* 478 U.S. 1006, 106 S.Ct. 3298, 92 L.Ed.2d 713 (1986). Because Beekman's appeal is wholly without merit, the imposition of rule 38 sanctions is justified in this case. Accordingly, we award appellees both their attorneys' fees and costs on appeal, *see Alvarez,* 898 F.2d at 318, and remand to the district court for determination of the appropriate amounts, *see id.* Finally, we direct that Beekman's attorney, Harold Klapper, be held jointly and severally liable therefor. *See Bartel,* 786 F.2d at 491.

The judgment of the district court is affirmed, and the case is remanded for further proceedings not inconsistent with this opinion.