10-1756-cv
Stepski v. The M/V Norasia Alya

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of July, two thousand eleven.

PRESENT:   REENA RAGGI,
           RAYMOND J. LOHIER, JR.,
           J. CLIFFORD WALLACE,[*]
                  *Circuit Judges*.

-----------------------------------------------------------------------

MICHAEL STEPSKI, GEAL RODERICK, BENJAMIN SCHOBER,

                  *Plaintiffs-Counter-Defendants-Appellants*,

KIRSTEN STEPSKI, WIFE,

                  *Plaintiff*,

v.                                                    No. 10-1756-cv

THE M/V NORASIA ALYA, HER OWNERS, OPERATORS, ETC.,

                  *Defendant-Appellee*,

MS ALENA SCHIFFAHRTSGESELLSCHAFT, MBH & CO. KG (GERMANY), PETER DOEHLE SCHIFFAHRTS, KG GMBH AND CO.,

                  *Defendants-Counter-Claimants-Appellees*.[**]

-----------------------------------------------------------------------

[*] Circuit Judge J. Clifford Wallace, United States Court of Appeals for the Ninth Circuit, sitting by designation.

[**] The Clerk of the Court is directed to amend the caption to read as shown above.

APPEARING FOR APPELLANTS:     CATHERINE F. GALE (Thomas H. Healy, *on the brief*), Yorktown Heights, New York.

APPEARING FOR APPELLEES:     RICHARD V. SINGLETON II, Blank Rome LLP, New York, New York, *for Defendants-Counter-Claimants-Appellees*.

Appeal from a judgment of the United States District Court for the Southern District of New York (James S. Gwin, *Judge*).[1]

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the March 26, 2010 judgment of the district court is AFFIRMED.

Plaintiffs Michael Stepski, Geal Roderick, and Benjamin Schober, who sued for damages resulting from the maritime collision of their vessel, the F/V Ava Claire, and another ship alleged to be the M/V Norasia Alya, owned and managed by defendants MS "Alena" Schiffahrtsgesellschaft, Mbh & Co. KG and Peter Doehle Schiffahrts-KG, now appeal from a judgment in favor of defendants after trial. Plaintiffs charge the district court with error in (1) denying their motion for a new trial on the ground that the verdict was against the weight of the evidence, (2) instructing the jury and providing it with a verdict form, (3) granting partial summary judgment on plaintiffs' punitive damages claims, and (4) engaging in prejudicial conduct at trial. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

---

[1] Judge James S. Gwin, United States District Court for the Northern District of Ohio, sitting by designation.

1.     Weight of the Evidence

We generally review the denial of a new trial motion for abuse of discretion.  See SEC v. DiBella, 587 F.3d 553, 563 (2d Cir. 2009).  Where, as here, a district court denied such a motion "made on the ground that the verdict was against the weight of the evidence," however, "such a ruling is not reviewable on appeal."  DeFalco v. Bernas, 244 F.3d 286, 325 (2d Cir. 2001) (internal quotation marks omitted).  Plaintiffs' "only appellate recourse is to challenge the legal sufficiency of the evidence," see id. (internal quotation marks omitted), something that they do not, and cannot, do.  To the extent plaintiffs complain that the district court failed to charge one of their theories of liability to the jury, we address that argument in our review of the jury instructions.  But we are without jurisdiction to review plaintiffs' challenge to the denial of their motion for a new trial on the ground that the jury verdict was against the weight of the evidence.

2.     Jury Instructions and Verdict Form

Plaintiffs argue that the district court's instructions and verdict form failed to alert the jury of the need to return a verdict on plaintiffs' alternate theory of liability under the rule in The Pennsylvania, 86 U.S. 125, 136 (1873), based upon defendants' alleged violation of the International Regulations for Preventing Collisions at Sea ("COLREGS"), Oct. 20, 1972, T.I.A.S. No. 8587, 28 U.S.T. 3459.  See generally Otal Invs. Ltd. v. M.V. Clary, 494 F.3d 40, 51 (2d Cir. 2007) ("Under the rule in The Pennsylvania, a vessel that violates a navigational rule not only must show that her fault did not cause the collision, but also must persuade the court that her own explanation of the collision is correct.").  Because plaintiffs did not object to the district court's instruction or verdict form on this ground, we may review

3

only for plain error. See Fed. R. Civ. P. 51(d)(2). That civil rule standard is "more exacting" than its criminal counterpart, requiring a showing of error "so serious and flagrant that it goes to the very integrity of the trial." SCS Commc'ns Inc. v. Herrick Co., 360 F.3d 329, 343 (2d Cir. 2004) (internal quotation marks omitted). We have identified such error where instructions "fail[ed] to provide even the barest legal guideposts to aid the jury in rationally reaching a decision." Frederic P. Wiedersum Assocs. v. Nat'l Homes Constr. Corp., 540 F.2d 62, 66 (2d Cir. 1976) (internal quotation marks omitted). That is not this case. The district court incorporated The Pennsylvania rule, as well as the allegedly violated COLREGS, into its instructions on negligence. In light of these instructions, as well as counsel's closing arguments, a reasonable jury would have understood the verdict form inquiry as to proof of negligence "in the manner claimed by plaintiffs" to include all theories of liability. In sum, there was no error, let alone plain error, in the instructions or verdict form.

3. Punitive Damages

Plaintiffs' appeal from the award of summary judgment on their punitive damages claims is rendered moot by the jury's finding that plaintiffs failed to prove negligence and by our ruling that this finding was not infected by any error in the district court's jury instructions or verdict form.

4. Prejudicial Statements by the District Court

Plaintiffs' complaint that they were denied due process by the biased conduct of the trial judge is meritless. Although plaintiffs fault the trial court for admonishing their counsel and witnesses, no new trial is warranted because the record does not indicate that "the judge

4

expresse[d] his opinion on an ultimate issue of fact in front of the jury or argue[d] for one of the parties." Shah v. Pan Am. World Servs., Inc., 148 F.3d 84, 98 (2d Cir. 1998). Nor do we identify any error, let alone prejudicial error, in the district court's allocation of trial time or its chosen order for presenting summations to the jury. Such trial management is generally consigned to the broad discretion of the district court. See, e.g., United States v. Quattrone, 441 F.3d 153, 183 (2d Cir. 2006); Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 584 (2d Cir. 2002); accord Fed. R. Evid. 611; S.D.N.Y. Local Civil Rule 39.2 (granting district court discretion to manage order of summations). Finally, although plaintiffs fault the district court for not giving a limiting instruction with respect to the testimony of one of defendants' expert witnesses, they do not demonstrate that they ever requested such an instruction, nor do they point to testimony presented to the jury that required a limiting instruction.

Consequently, we identify no denial of due process warranting a new trial.

5.    Fees and Costs

Defendants request an award of appellate costs and fees incurred to defend plaintiffs' "Motion to Stay the Instant Appeal and Remand the Matter to the District Court." "It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 416 (1978). Thus, we will award appellate sanctions under Fed. R. App. P. 38 only where "one party proceeds with an argument totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence." In re Drexel Burnham Lambert Grp. Inc., 995 F.2d 1138, 1147 (2d Cir. 1993) (internal quotation marks

5

omitted). That standard is satisfied here. Plaintiffs' motion rests on the same arguments advanced in its merits briefs, which themselves contain almost no citation to relevant legal authority and rest on dubious, and even misleading, characterizations of the record. Further, the asserted bases for a new trial are all either contrary to settled circuit law or patently meritless. We need not here decide whether we would sanction plaintiffs for maintaining such arguments in their merits briefs. We hold only that plaintiffs' multiplication of litigation expenses through a motion so totally lacking in support in law or evidence warrants a sanction in the amount of defendants' reasonable attorneys' fees and costs incurred in defense of plaintiffs' "Motion to Stay the Instant Appeal and Remand the Matter to the District Court." Having reviewed the amount of defendants' request, which plaintiffs do not contest, and finding it to be reasonable, we grant defendants' request for $15,512.12 in fees and costs, for which plaintiffs and plaintiffs' counsel will be jointly and severally liable. See e.g., Bartel Dental Books Co., Inc. v. Schultz, 786 F.2d 486, 491 (2d Cir. 1986).

We have considered plaintiffs' remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6