**PANG KIU FUNG, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 215, Docket 81–4096.**

United States Court of Appeals, Second Circuit.

Argued Oct. 28, 1981.

Decided Nov. 6, 1981.

**418**

Jules E. Coven, New York City (Lebenkoff & Coven, Alberto J. Riefkohl, New York City, of counsel), for petitioner.

Thomas H. Belote, Sp. Asst. U. S. Atty., S.D.N.Y., New York City (John S. Martin, U. S. Atty., S.D.N.Y., New York City, of counsel), for respondent.

Before FEINBERG, Chief Judge, FRIENDLY, Circuit Judge, and PIERCE,* District Judge.

\* Honorable Lawrence W. Pierce, of the United States District Court for the Southern District of New York, sitting by designation.

## PER CURIAM:

Pang Kiu Fung petitions for review of an order of the Board of Immigration Appeals ("Board") pursuant to § 106 of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1105a(a), and for review of a decision of the District Director of the Immigration and Naturalization Service. The order of the Board, entered in June 1981, denied Fung's motion to reopen his deportation proceedings to allow him to apply for reinstatement of the privilege of voluntary departure. This order is affirmed. The Director's decision, dated May 19, 1981, denied Fung's request to stay deportation. We decline to review this action for lack of jurisdiction.

Fung, a native Chinese, is a former crewman who jumped ship in 1968 and entered the country illegally. Apprehended in 1972, he appeared before Immigration Judge Edward P. Emanuel in a deportation proceeding conducted in January 1973. Judge Emanuel granted Fung, who conceded deportability, voluntary departure under § 244(e) of the Act, 8 U.S.C. § 1254(e), but provided that in the event Fung did not depart within three months, an order of deportation to Hong Kong or to the Republic of China would enter automatically. On four subsequent occasions, the Service extended Fung's time to leave voluntarily. These extensions expired in April 1974, however, at which time Judge Emanuel's alternative deportation order came into effect. In April 1974, Fung moved to stay deportation and to reopen the underlying proceedings in order to permit his application for refugee status under the Act. This relief was denied upon a finding that Fung had not established a prima facie case of political persecution either in Hong Kong or in the Republic of China. Following the rejection of his claims by the Board in February 1975, Fung disappeared and was not relocated for more than six years.

Despite outstanding orders for his surrender, Fung has remained in this country, evading detection until May 1981. Faced at that time with enforcement of the deportation order, Fung again moved to reopen his deportation proceeding to apply for voluntary departure, this time on the ground that his marriage in April 1981 to a United States citizen entitled him to preferential treatment. It is the Board's denial of this request that is under review here. Fung now maintains that his marriage and I–130 petition for an immediate relative visa, when coupled with the delays in processing experienced by the Immigration Service, changes the equities in his case, entitling him to reinstatement of his right to depart voluntarily under *Matter of Yeung*, 13 I&N Serv.Dec. 528 (BIA 1970). The government points out that the argument based on delay in processing of visas was not raised below. But even if this claim were properly before us, we would not disturb the decision of the Board. Both reopening deportation proceedings and reinstatement of voluntary departure are discretionary with the Board. We cannot say that the Board abused its discretion in denying these privileges to someone who has deliberately flouted the immigration authorities for 13 years. See *Der-Rong Chour v. INS*, 578 F.2d 464 (2d Cir.), cert. denied, 440 U.S. 980, 99 S.Ct. 1786, 60 L.Ed.2d 239 (1978); *Matter of Onyedibia*, 15 I&N Serv. Dec. 37 (BIA 1974).

Fung also seeks review of the Director's decision to deny him a stay, claiming that he is entitled to the benefit of a stay under the consent decree entered in *Stokes v. United States*, 74 Civ. 1022 (S.D. N.Y.1976). This appeal is baseless. On its merits, the claim is governed by *Der-Rong Chour v. INS*, supra, holding that an alien who entered the country as a crewman is not entitled to benefits under that decree. Procedurally, the case is controlled by *Cheng Fan Kwok v. INS*, 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968). There is ordinarily no jurisdiction in this court to hear appeals from denials by the Director of discretionary stays. Whatever may be the reach of the pendent jurisdiction doctrine alluded to in footnote 16 of the Court's opinion, 392 U.S. at 216, 88 S.Ct. at 1976, it should not apply here. If review of a denial of a stay could be achieved by affixing it to an appeal from an order denying a motion to reopen with so little merit as that advanced here, the rule set down in *Cheng Fan Kwok* could be too easily circumvented.

The decision of the Board is affirmed, and we dismiss for lack of jurisdiction the petition for review of the denial of the stay of deportation. The mandate shall issue forthwith.