**Joseph Girthini MUIGAI, Petitioner,**

v.

**UNITED STATES IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 1095, Docket 82–4034.

United States Court of Appeals, Second Circuit.

Argued April 26, 1982.

Decided June 14, 1982.

Donald M. Zolin, New York City, for petitioner.

Thomas H. Belote, Sp. Asst. U. S. Atty., New York City (John S. Martin, Jr., U. S. Atty., S. D. N. Y., Richard Papper, Asst. U. S. Atty., New York City, of counsel), for respondent.

Before MANSFIELD and KEARSE, Circuit Judges, and CABRANES,* District Judge.

MANSFIELD, Circuit Judge:

Joseph Girthini Muigai petitions pursuant to § 106 of the Immigration and Nationality Act, 8 U.S.C. § 1105a (the "Act"), for review of a decision of the Board of Immigration Appeals dated August 7, 1981, denying his motion to reopen his deportation proceeding and dismissing his application for extended voluntary departure under 8 C.F.R. § 244.2. The petition is denied.

Petitioner, a citizen and native of Kenya, was admitted into the United States on August 29, 1974, as a non-immigrant student authorized to remain temporarily in this country until August 28, 1975, § 101(a)(15)(F)(i) of the Act, 8 U.S.C. § 1101(a)(15)(F)(i). After an extension of his stay to August 29, 1976, was granted, he failed to depart or obtain from the Immigration and Naturalization Service ("INS")

---

* The Honorable José A. Cabranes, of the United States District Court for the District of Connecticut, sitting by designation.

a further extension of his stay and evaded apprehension until September 1, 1980, when he was arrested while visiting in Buffalo. Following the institution of deportation proceedings pursuant to § 241(a)(2) of the Act, 8 U.S.C. § 1251(a)(2), Muigai was released on bond and ordered to appear for a deportation hearing to be held in Buffalo on September 15, 1980. At the hearing, at which he was represented by counsel, he conceded his deportability and applied for the privilege of voluntary departure within four months under § 244(e) of the Act, 8 U.S.C. § 1254(e), in lieu of enforced deportation. His application was granted by Immigration Judge Gordon W. Sacks who ordered that he be deported unless he departed voluntarily on or before January 15, 1981. Both Muigai and the INS waived appeal to the Board, thus making the order final.

Muigai failed to comply with the Immigration Judge's order and a subsequent written notice from the INS's District Director, sent to him by certified mail, advising him of the order's terms and directing him to notify the INS on or before January 8, 1981, of his travel arrangements. Upon sending an inquiry to Muigai's attorney, the INS was on March 17, 1981, notified by his Buffalo attorney that "co-counsel" in New York City (Muigai's counsel on this appeal, Donald M. Zolin, Esq.) had, on January 15, 1981, the day by which Muigai was to depart, applied for an indefinite extension of Muigai's voluntary departure status. Despite the violation of the Immigration Judge's order the INS on March 26, 1981, reinstated Muigai's voluntary departure status on condition that he depart on or before April 9, 1981, and that he notify its Buffalo office on or before April 2, 1981, of his travel arrangements.

Once again Muigai violated the terms of the INS's voluntary departure order as extended. On April 2, 1981, his attorney, who acknowledged receipt of the Service's denial of indefinite voluntary departure, sought further adjudication of his application, representing that Muigai was employed as a physician's assistant. This employment was unlawful, § 212(a)(14) of the Act, 8 U.S.C.

§ 1182(a)(14); 8 C.F.R. § 214.2(f)(6); *Londono v. INS*, 433 F.2d 635 (2d Cir. 1970). On April 10, 1981, the INS denied Muigai's latest application and initiated deportation proceedings by issuance of a warrant of deportation. On May 6, 1981, Muigai moved to reopen his deportation proceedings (applying to the INS New York City office rather than to Immigration Judge Sacks in Buffalo as required) seeking deferred action status, Service Operations Instructions § 103.1(a)(1)(ii), and a stay of deportation pursuant to 8 C.F.R. § 243.4. His application was patently frivolous, failing to state any facts warranting such extraordinary action or showing, as the instructions require, that deportation would be unconscionable because of the existence of any of the humanitarian factors listed in the INS manual.

On May 26, 1981, the INS denied the application for a stay and on June 26, 1981, Judge Sacks denied the motion to reopen. On July 8, 1981, Muigai appealed these denials to the Board of Immigration Appeals which on August 7, 1981, dismissed the appeal from Judge Sack's decision and pointed out that it had no jurisdiction to review the District Director's denial of extended voluntary departure.

On February 22, 1982, Muigai filed the present petition for review, thus obtaining an automatic stay of his deportation pursuant to § 106(a)(3) of the Act, 8 U.S.C. § 1105a(a)(3).

## DISCUSSION

It is difficult to conceive of a more frivolous petition than that filed in this case, which amounts to little more than a continued abuse of process by Muigai and his attorney, Donald M. Zolin, Esq., designed through dilatory tactics to perpetuate Muigai's unlawful stay in this country.

The grant or denial of voluntary departure lies within the broad discretion of the Attorney General and his delegates in the INS, *Pang Kiu Fung v. INS*, 663 F.2d 417, 419 (2d Cir. 1981). It is permitted only in meritorious cases and may be terminated

by the Attorney General upon a showing of abuse. *Pang Kiu Fung, supra; Ballenilla-Gonzalez v. INS*, 546 F.2d 515, 521 (2d Cir. 1976), *cert. denied*, 434 U.S. 819, 98 S.Ct. 58, 54 L.Ed.2d 75 (1977). The reopening of deportation proceedings is also within the discretion of the Attorney General, *INS v. Jong Ha Wang*, 450 U.S. 139, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981); *Hibbert v. INS*, 554 F.2d 17, 21 (2d Cir. 1977), who has promulgated regulations governing the subject, 8 C.F.R. §§ 103.5, 242.22, which require the applicant first to offer new material evidence that could not have been discovered or presented at the original deportation hearing. Moreover, the application must be supported by "affidavits or other evidentiary material," 8 C.F.R. §§ 103.5, 242.22, not unsworn or unsupported statements by the applicant's counsel.

None of these requirements have been met by petitioner or his counsel in this case. Muigai has since September 16, 1980, admittedly been a deportable alien. Despite the absence of any evidence then or now entitling him lawfully to stay in this country he has not only defied the orders of the Immigration Judge and the valid directions of responsible authorized officers of the INS but he and his attorney have sought and thus far succeeded, through baseless maneuvers involving misuse of procedures intended for applications having at least colorable merit, to postpone deportation, all at enormous expense and waste of the time and facilities of the INS and of this Court. The record is clear beyond doubt that the Attorney General acted well within his discretion in this case, even bending over backwards in a humanitarian effort to extend for a limited time Muigai's privilege of voluntary departure after it had expired. Moreover, the District Director's denial of petitioner's application for a stay of deportation is not reviewable by us. *Pang Kiu Fung v. INS, supra*, 663 F.2d at 419; 8 U.S.C. § 1105a; see *Cheng Fan Kwok v. INS*, 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968).

None of Muigai's five arguments for reversing the Board's decision warrants discussion; each is completely without merit. Thus this is clearly a frivolous appeal in a case where the petitioner has not, since his concession of deportability in 1980 and waiver of appeal, had any colorable legal or factual basis for the relief sought before the Board or that sought here. In addition his counsel has engaged in so multiplying the proceedings that costs and expenses have been increased unreasonably and vexatiously. Accordingly we deny review and assess double costs, and damages and expenses in the sum of $2,000 jointly against petitioner and against his attorney personally. *Der-Rong Chour v. INS*, 578 F.2d 464, 468–69 (2d Cir. 1978), *cert. denied*, 440 U.S. 980, 99 S.Ct. 1786, 60 L.Ed.2d 239 (1979); *Acevedo v. INS*, 538 F.2d 918, 920–21 (2d Cir. 1976); *Katris v. INS*, 562 F.2d 866, 869–70 (2d Cir. 1977); *In Re Hartford Textile Corp.*, 659 F.2d 299, 303–06 (2d Cir. 1981), *cert. denied*, —— U.S. ——, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982); *Bankers Trust Co. v. Publicker Industries, Inc.*, 641 F.2d 1361, 1367–68 (2d Cir. 1981); 28 U.S.C. §§ 1912, 1927; Rules 20, 38, Fed.R.App.P.

The mandate shall issue forthwith.