Ghodrat MORTAZAVI, Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 82–1706.

United States Court of Appeals,
Fourth Circuit.

Submitted July 18, 1983.

Decided Oct. 12, 1983.

Michael S. Weisberg, Weisberg & Stein, Norfolk, Va., on brief, for petitioner.

Lauri Steven Filppu, General Litigation and Legal Advice Section, Crim. Div., Washington, D.C., Stephen L. Hiyama, Crim. Div., U.S. Dept. of Justice, on brief, for respondent.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

The petitioner, an alien, seeks review of an order of deportation issued by the Board of Immigration Appeals against him and of denial of his petition to reopen his deportation proceeding in order to enable him to apply for adjustment of status under 8 U.S.C. § 1255(a). We affirm the orders of the Board of Immigration Appeals.

The petitioner is a citizen of Iran who entered this country on December 31, 1976 as a nonimmigrant student with authorizations to stay until June 30, 1980. On June 19, 1980, he was ordered to show cause why he should not be deported on the ground that he was not then attending a school approved by the Immigration and Naturalization Service. After a hearing before an Immigration Judge he was found deportable on August 18, 1980, but granted the privilege of voluntary departure. On February 12, 1982, the Board affirmed, giving the petitioner 15 days to depart voluntarily. On his request, petitioner's time to depart voluntarily was extended to April 24, 1982.

Upon his failure to depart voluntarily or report for deportation, a deportation warrant was issued. Apprehended, he was scheduled for deportation on or before August 12, 1982.

On the day preceding his scheduled date for departure (*i.e.,* August 11, 1982) he moved in District Court for a temporary restraining order to permit him to petition for review of his deportation order. On August 12, 1982, he filed his petition for review under 8 U.S.C. § 1105a(a). While that petition was pending the petitioner married an American citizen on September 24, 1982. On December 27, 1982, he, because of his marriage to an American citizen, petitioned to reopen the deportation order to permit the filing of a petition for classification as a permanent alien resident.

At this point the petitioner requested that his petition to review the order of deportation be held in abeyance awaiting the disposition of his petition to reopen. That request was granted. The petition to reopen was finally denied on March 29, 1983. Thereafter the original petition to review the order of deportation was restored to the calendar and has come on for hearing along with a hearing on a petition to review the order denying the petition to reopen. We address, first, the original order of deportation.

The established rule is that an order of deportation is to be sustained if supported by "reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4); *Woodby v. INS,* 385 U.S. 276, 281–84, 87 S.Ct. 483, 485–487, 17 L.Ed.2d 362 (1966).[1] The Board has met this standard in this case. It found that the petitioner was not attending a school approved by the United States Immigration and Naturalization Service in violation of 8 U.S.C. § 1251(a)(9). At the hearing before the Immigration Judge the peti-

---

1. This standard of review is distinguishable from the burden of proof imposed upon the administrative agency itself, which under the statutory standard is required "to establish the facts supporting deportability by clear, unequivocal and convincing evidence." 8 C.F.R. § 242.14(a); *Woodby,* 385 U.S. at 277, 285–86, 87 S.Ct. at 487–488.

tioner admitted that he was not attending the school he was supposed to attend. He explained his failure to attend, stating it was "because he was suspended by the school." The finding of the Board is accordingly established by petitioner's own admission and the action of the Board in granting deportation is thus adequately supported by "reasonable, substantial, probative evidence in the record considered as a whole."

■ The petitioner has also sought review of the denial of his petition to the Board to reopen the order of deportation under 8 C.F.R. § 3.2 (1983) in order to enable him to apply for an adjustment of his status application as a result of his marriage to an American citizen. However, the refusal by the Board of a petition to reopen an order of deportation is a matter of discretion and not a matter of right and is reviewable only for an abuse of discretion.[2] The Board found that the respondent had failed repeatedly to appear as directed in order to comply with the order of deportation, had absconded to avoid compliance with such order and had breached his bond given to assure such compliance. The Board accordingly exercised its discretion to deny the motion, saying "to do otherwise would further reward respondent's failure to appear for deportation as lawfully directed and his attempts (successful for several months) to abscond." In denying the motion on these grounds the Board did not abuse its discretion.[3]

The fact that the petitioner had, after the final order of deportation was entered, married an American citizen is a factor that may be considered by the Board, but it is not a ground that compelled the Board to grant the petition to reopen the order of deportation as issued by the Board of Immigration Appeals. The reasons cited by the Board for its refusal to reopen were sufficient to sustain the denial of the petition despite petitioner's marriage.

■ The order of deportation as issued by the Board of Immigration Appeals is accordingly affirmed, as well as the order of the Board refusing to reopen the order of deportation.[4]

---

**2.** *U.S. ex rel. Hintopoulos v. Shaughnessy,* 353 U.S. 72 at 77, 77 S.Ct. 618 at 621, 1 L.Ed.2d 652 (1957); *Men Keng Chang v. Jiugni,* 669 F.2d 275, 278 (5th Cir.1982); *Hoo Yung Ahn v. INS,* 651 F.2d 1285, 1286 (9th Cir.1981).

**3.** *See Agustin v. INS,* 700 F.2d 564 (9th Cir. 1983); *Pang Kiu Fung v. INS,* 663 F.2d 417, 419 (2d Cir.1981). *See also INS v. Jong Ha Wang,* 450 U.S. 139, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981) (*per curiam*) (INS did not err in denying reopening of deportation proceedings without a hearing on the issue of whether deportation would result in extreme hardship, since alien failed to establish prima facie case as required by 8 CFR § 3.2).

**4.** *See Pang Kiu Fung,* 663 F.2d at 419 (alien's marriage to United States citizen after deportation order did not change the equities in his case enough to require reopening).

The petitioner's wife has written this Court, while this case was under advisement, that she is pregnant. That fact is not in the record for review by us and we cannot consider it. Our decision, however, is without prejudice to such right, if any, that petitioner may have to seek relief before the Board on account of such pregnancy of his wife. *See, however, Shaughnessy, supra; Hernandez-Rivera v. INS,* 630 F.2d 1352, 1356 (9th Cir.1980); *Jong Shik Choe v. INS,* 597 F.2d 168, 170 (9th Cir.1979); *Lee v. INS,* 550 F.2d 554, 555 (9th Cir.1977); *Gonzalez-Cuevas v. INS,* 515 F.2d 1222, 1224 (5th Cir.1975).

In declining to remand the case to consider the marriage of the petitioner, we note that the government takes the position in its response to the motion to remand that Mortazavi can still present the issue of his marriage and his wife's pregnancy to the Board through a motion to reopen.