Francisco HORTA-RUIZ and Ligia Horta, Plaintiffs,

v.

UNITED STATES DEPARTMENT OF JUSTICE IMMIGRATION AND NATURALIZATION SERVICE, Defendant.

No. 85 Civ. 5649 (PNL).

United States District Court, S.D. New York.

March 17, 1986.

Wilens & Baker, New York City, for plaintiffs.

Rudolph W. Guiliani, U.S. Atty. for the S.D.N.Y., Jorge Guttlein, of counsel, New York City, for defendant.

## MEMORANDUM AND ORDER

LEVAL, District Judge.

This is an action for declaratory judgment and for a stay of deportation. Plaintiff Ligia Horta's deportation was stayed by Judge Keenan of this court on August 5, 1985 pending further order in this action. Defendant now moves to dismiss the complaint and vacate the stay. The motion is granted in both respects.

## Background

Ligia Horta is a 43 year old citizen of Colombia. On or about August 20, 1978 she was smuggled into the United States without a visa and without inspection in violation of section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2). She was arrested by the Immigration and Naturalization Service ("INS") on July 12, 1984. Two weeks later, on July 26, she married plaintiff Francisco Horta-Ruiz, an American citizen. Mr. Horta-Ruiz subsequently filed an I–130 Relative Immigrant Visa petition with the INS. On June 11, 1985 a hearing was held before Immigration Judge Rosenberg, who found Ms. Horta deportable as charged and granted her the right of voluntary departure until July 26, 1985. Since the I–130 petition had not been adjudicated, she brought this action seeking to have her deportation stayed, her privilege of voluntary departure extended, and her petition adjudicated. The INS scheduled a "Stokes" interview for August 2 and extended voluntary departure until August 5, 1985. On August 5 Judge Keenan issued the stay, but refused plaintiff's request for further extension of voluntary departure. On August 29, 1985 the District Director found that plaintiffs had failed to meet their burden of showing that their marriage "was not entered into solely to obtain an immigration benefit." Accordingly, he denied the I–130 petition. Plaintiff has since appealed to the Board of Immigration Appeals.

## Discussion

■ While final orders of deportation may be reviewed only by the Courts of Appeals, 8 U.S.C. § 1105a, this court has jurisdiction to review decisions of the INS "ancillary to deportation orders, even if such determinations will effectively control whether or not a given alien will be deported...." *Papakonstantinou v. Civiletti*, 496 F.Supp. 105 (E.D.N.Y.1980). In this case, plaintiffs essentially seek review of the District Director's decision not to extend voluntary departure and, indirectly, of his decision that their marriage is a sham which will not entitle Ms. Horta to classification as an "immediate relative" of Mr. Horta-Ruiz under 8 U.S.C. § 1151(b). Such a classification would permit immigration without regard for the numerical limitations contained in 8 U.S.C. § 1151(a).

■ Granting preferential status to visa petitions is within the broad discretion of the INS and "courts will not reverse its decisions unless there has been an abuse of discretion." *Delgado v. Immigration & Naturalization Service*, 473 F.Supp. 1343, 1348 (S.D.N.Y.1979). *See also Ledesma-Valdes v. Sava*, 604 F.Supp. 675, 680 (S.D. N.Y.1985) (review limited to whether discretion abused). In particular, "[t]he grant or denial of voluntary departure lies within the broad discretion of the Attorney General and his delegates in the INS...." *Muigai v. United States Immigration & Naturalization Service*, 682 F.2d 334 (2d Cir. 1982). Within wide parameters, then, the INS is free to implement the policies of the Immigration Acts without second-guessing by the courts.

■ Here, there was ample support for the decisions of the INS. At the "Stokes" hearing held last August, the District Director found numerous discrepancies between plaintiff's account and her husband's, revealing that Mr. Horta-Ruiz was only passingly familiar with the apartment in which they were supposedly residing and was unable to state within a decade his wife's correct age. Although the INS is not empowered to establish criteria for petitioners' lifestyle after marriage, it is "entirely appropriate for the INS to make inquiry into the marriage to the extent necessary to determine whether it was entered into for the purpose of evading the immigration laws." *Pena-Urrutia v. Immigration & Naturalization Service*, 640 F.2d 242 (9th Cir.1981). Here, the conflicting stories and the evidence that the couple is not in fact cohabitating, together with the fact that the marriage was entered into only after her arrest by the INS, is sufficient basis for finding the marriage a sham for the purposes of the I–130 petition.

As to the denial of voluntary departure, plaintiff does not appear with clean hands. She was smuggled into the United States in violation of 8 U.S.C. § 1251(a)(2), and then remained illegally in the country for six years before her apprehension by the INS. The INS granted Ms. Horta the privilege of voluntary departure at the time of its original determination, but she elected instead to proceed with an "immediate relative" petition based on a marriage found to be a sham. The INS was within its discretion in denying voluntary departure.

Plaintiffs argue, finally, that lifting the stay of deportation would allow the INS to deport Ms. Horta in violation of the consent judgment in *Stokes v. United States,* 74 Civ. 1022 (S.D.N.Y. Nov. 10, 1976). Plaintiff points to paragraph 41 of that consent judgment which states, in relevant part:

> 41. Pending final adjudication of an I-130 spouse visa petition, the District Director shall not deport or institute deportation proceedings against the alien beneficiary to leave the United States if approval of the visa petition would make the beneficiary eligible to file an application for adjustment of status under Section 245 of the Act [8 U.S.C. § 1255] or for extended voluntary departure, provided however, that *the District Director may seek to deport where he is satisfied that the I-130 visa petition is clearly frivolous or where there are substantial adverse factors which would lead to denial of adjustment of status or extended voluntary departure.* (emphasis supplied)

*Id.* at 10.

This paragraph does not bar plaintiff's deportation. The District Director has unquestionably found "substantial adverse factors ..." in the sham marriage; it is clear, furthermore, notwithstanding failure to recite the word, that he has found the petition "frivolous" for the same reasons.

Since all the actions complained of are within the discretion of the INS, the complaint fails to state a claim upon which relief can be granted. Defendant's motion to dismiss the complaint is granted and the stay entered on August 5, 1985 is hereby vacated.

SO ORDERED.