Georgios VLASSIS, also known as George ·Vlassis, also known as George Vlasis, also known as George Vlajsis, ·Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 886, Docket 91–4129.

United States Court of Appeals,
Second Circuit.

Argued Feb. 21, 1992.

Decided May 13, 1992.

Michael A. O'Connor (Schulman & Laifer, Brooklyn, N.Y., of counsel), for petitioner.

Diogenes P. Kekatos, Asst. U.S. Atty. (Otto G. Obermaier, U.S. Atty., S.D.N.Y., James A. O'Brien, III, Sp. Asst. U.S. Atty., Gabriel W. Gorenstein, Asst. U.S. Atty., New York City, of counsel), for respondent.

Before: VAN GRAAFEILAND, KEARSE and MAHONEY, Circuit Judges.

PER CURIAM:

Georgios Vlassis petitions for review of an order of the Board of Immigration Appeals ("BIA") which denied his motion for a stay of deportation, but which Vlassis contends was a denial of his motion to reopen his deportation proceedings. For the reasons that follow, the petition is dismissed.

On July 14, 1988, Vlassis, a resident alien who had been convicted of drug trafficking, was held deportable after a hearing before Immigration Judge Stephanie Marks. On April 21, 1989, Immigration Judge Sydney B. Rosenberg granted Vlassis' request to reopen the proceedings in order that Vlassis might seek a discretionary waiver of deportability pursuant to section 212(c) of the Immigration and Nationality Act of 1952 (the "Act"), 8 U.S.C. § 1182(c), which, as interpreted, allows aliens who have resided in the United States for seven consecutive years to seek such a waiver. *See Francis v. INS*, 532 F.2d 268, 269–73 (2d Cir.1976). By order dated July 19, 1990, Judge Rosenberg denied Vlassis' waiver application and ordered him deported. On June 20, 1991, the BIA dismissed Vlassis' appeal from Judge Rosenberg's order. On August 19, 1991, Vlassis moved the BIA to reopen the proceedings, remand the case to an immigration judge for the presentation of new evidence, and stay deportation during pendency of the motion.

At this point, it is important to note that the making of Vlassis' motion to reopen did not stay the execution of his order of deportation. *See* 8 C.F.R. § 3.8(a). To accomplish this, a stay of deportation was required. Absent such a stay, Vlassis might have been deported before his request to reopen was granted. This possibility was very much to the fore when on August 22, 1991 the BIA issued the following order:

Counsel for the respondent has applied for a stay of deportation pending consideration by the Board of a motion to reopen. After consideration of all informa-

tion, the Board has concluded that there is little likelihood that the motion will be granted. Accordingly, the request for stay of deportation is denied.

ORDER: The request for stay of deportation is denied.

Fearing that deportation was imminent, Vlassis decided not to wait for the BIA's ruling on his motion to reopen. In order to invoke an automatic stay of deportation pursuant to 8 U.S.C. § 1105a(a)(3), he immediately petitioned this court for relief on the ground that the BIA's August 22 decision "denied all further administrative review." It is obvious, of course, that the above-quoted ·written order did no such thing. Moreover, the administrative record contains no mention of an alleged telephone conversation between Vlassis' attorney and an unidentified BIA representative that the attorney contends constituted a denial of the motion to reopen. *See* 8 U.S.C. § 1105a(a)(4); *Michelson v. INS*, 897 F.2d 465, 467 (10th Cir.1990) (review is limited to administrative record). If as Vlassis' attorney asserts in this court a conversation did take place, we are satisfied that it involved no more than what is contained in the above-quoted order. Decisions of the BIA are made in writing, not over the telephone. *See* 8 C.F.R. § 3.1(f).

Vlassis' knowledge of the precise terms of the August 22 order is demonstrated by a letter which his attorney wrote to the BIA on October 7, 1991. In that letter the attorney reminded the BIA that his client had moved for a stay of deportation and a reopening, that the BIA had ruled only on his client's request for a stay but that "no decision has been reached as to the second portion of this motion." The attorney requested that this decision be expedited. On October 21, 1991, the BIA issued a written order denying the motion to reopen. Vlassis has not petitioned for review of that order.

■ It is well settled, in this circuit as elsewhere, that the denial of a motion for stay of deportation is not a final order reviewable in a court of appeals pursuant to section 106(a) of the Act, 8 U.S.C. § 1105a(a). *See Muigai v. INS*, 682 F.2d

334, 337 (2d Cir.1982); *Pang Kiu Fung v. INS*, 663 F.2d 417, 419 (2d Cir.1981); *Li Cheung v. Esperdy*, 377 F.2d 819, 820 (2d Cir.1967); *Gando–Coello v. INS*, 857 F.2d 25, 26 (1st Cir.1988); *Reid v. INS*, 766 F.2d 113, 115–16 (3d Cir.1985); *Bonilla v. INS*, 711 F.2d 43, 44 (5th Cir.1983). We have spoken out on a number of occasions against meritless dilatory tactics of aliens or their counsel designed to delay departure from the United States. *See, e.g., Muigai, supra,* 682 F.2d at 337; *Der–Rong Chour v. INS*, 578 F.2d 464, 467–69 (2d Cir.1978), *cert. denied,* 440 U.S. 980, 99 S.Ct. 1786, 60 L.Ed.2d 239 (1979); *Ballenilla–Gonzalez v. INS*, 546 F.2d 515, 521–22 (2d Cir.1976), *cert. denied,* 434 U.S. 819, 98 S.Ct. 58, 54 L.Ed.2d 75 (1977). Treating the BIA's August 22 order as a denial of Vlassis' petition to reopen, rather than merely the denial of a stay, would only encourage the tactics we have condemned. We refuse to do so.

■ Even if the August 22 order were treated somehow as a denial of Vlassis' motion to reopen, we nonetheless would dismiss the petition for review as being without merit. Section 241(a)(11) of the Act, 8 U.S.C. § 1251(a)(11), now § 1251(a)(2)(B)(i), provides in substance that aliens such as Vlassis may be deported for violation of the narcotics laws. It is not disputed that Vlassis was guilty of such violations. In December of 1981, Vlassis pled guilty to a charge of unlawful possession of cocaine, quaaludes and marijuana and was conditionally discharged. In May of 1985, he was convicted upon a plea of guilty to a charge of attempted criminal sale of marijuana and was fined $100. Less than six months later, in November of 1985, he pled guilty to a charge of criminal sale of marijuana and was fined $200. In April of 1986, Vlassis was named in a sixteen-count indictment charging various narcotics violations. In July of 1986, he pled guilty to one count alleging criminal sale of cocaine in the third degree in violation of section 220.39 of the New York Penal Law and was sentenced to a one to three year prison term.

Accordingly, were we to address the merits of the denial of Vlassis' motion to reopen, the only issue would be whether he was entitled to receive a discretionary waiver of deportability pursuant to section 212(c) of the Act, 8 U.S.C. § 1182(c). At the outset, Vlassis appeared to be a likely candidate for waiver. Born in Greece in 1960, he came to the United States with his parents in 1967 and has resided in this Country ever since. He speaks little Greek and has only one known relative in Greece. However, these equities quickly were outweighed by adverse factors.

The INS instituted the deportation proceedings on February 8, 1988, by order to show cause and a notice of hearing. Vlassis requested and received three adjournments. Upon Vlassis' failure to report for a fourth scheduled hearing on July 14, 1988, Immigration Judge Marks conducted the hearing in his absence. The INS submitted a copy of Vlassis' visa face sheet and a certified copy of his 1986 judgment of conviction together with a copy of the sixteen-count indictment underlying that conviction. Judge Marks found Vlassis to be deportable upon clear, unequivocal and convincing evidence, and, as Vlassis failed to appear at the hearing, she deemed that he had abandoned his previously filed application for discretionary relief from deportation.

After Judge Rosenberg granted Vlassis' request to reopen his deportation proceedings, a hearing was held on May 5, 1989. The testimony at that hearing was addressed principally to the question whether waiver of deportation should be granted. Except for the above discussed equities in Vlassis' favor, he presented a relatively weak case for discretionary relief. His employment record was suspect, his claim being that he worked mainly for members of his family and often was paid "off the books." He claimed to have received a high school equivalency diploma during his incarceration and to have received substance abuse counselling. However, no family members testified on his behalf, and he submitted no documentary evidence in support of his claim of rehabilitation. Accordingly, he was granted a continuance to produce both witnesses and supporting documents. Judge Rosenberg wanted to see an up-to-date parole officer's report, a report showing Vlassis' attendance at drug counselling sessions, tax returns for the years Vlassis claimed to have been working, a certificate of dismissal from parole and an up-to-date police record. Judge Rosenberg adjourned the hearing so that this evidence could be produced.

At the next hearing held on September 1, 1989, Vlassis produced none of the requested documents or witnesses, and the matter was adjourned again until April 4, 1990. At the April hearing, the requested documentary evidence still was not produced. Vlassis' mother did appear and testify. Her testimony did little to bolster her son's case, as it did not appear that she and her son were very close. She did not know that he had a drug problem or that he had been arrested three times prior to his 1986 conviction.

Not surprisingly, Judge Rosenberg concluded that Vlassis had not established that he had rehabilitated himself from his drug-related problems so that the social and humane considerations in his favor were not outweighed by the undesirability of permitting him to remain a permanent resident. *See Matter of Edwards*, Interim Decision 3134 (BIA 1990); *Matter of Marin*, 16 I & N Dec. 581 (BIA 1978).

In an eight-page order which recited at length the facts and findings below, the BIA on June 29, 1991 dismissed Vlassis' appeal from Judge Rosenberg's denial of his request for waiver, demonstrating thereby a complete knowledge of the facts and the applicable law. Its reasoning followed very closely that of Judge Rosenberg and is persuasive.

On August 19, 1991, Vlassis moved that the proceedings be reopened. He based this application primarily on the newly offered evidence that he had married an American woman on May 24, 1991 and that she shortly would give birth to their child. On October 21, 1991, the Board denied Vlassis' motion stating that the new evidence, "even in combination with the outstanding equities in the respondent's favor

at the time of the hearing and on appeal," did not demonstrate his "eligibility for a discretionary grant of section 212(c) relief."

The granting of a motion to reopen is discretionary with the BIA. *INS v. Rios–Pineda*, 471 U.S. 444, 449, 105 S.Ct. 2098, 2101, 85 L.Ed.2d 452 (1985). Our review of the BIA's denial of a motion to reopen is limited to whether the decision "was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Vargas v. INS*, 938 F.2d 358, 360 (2d Cir.1991). We find no abuse of discretion or misinterpretation of the law in the instant case. The record reflects that the new equities raised by Vlassis—his marriage to an American citizen and the impending birth of their child—were considered by the BIA. Although these events were not without significance, they did not entitle Vlassis as a matter of law to the reopening he sought. *See Sang Seup Shin v. INS*, 750 F.2d 122, 127 (D.C.Cir. 1984); *see also Cobourne v. INS*, 779 F.2d 1564, 1565–67 (11th Cir.1986); *Ahwazi v. INS*, 751 F.2d 1120, 1123 (9th Cir.1985). Here, the BIA was of the opinion that in view of Vlassis' history he still had not made an adequate showing of rehabilitation. Because our right of review is limited, we cannot second guess the BIA by holding that it abused its broad discretion.

For all the foregoing reasons, Vlassis' petition for review is dismissed.