8 F.3d 822
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Agatha Osueke WALKER, a/k/a Agatha Nwachukwu, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-1613.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 24, 1993.
Decided: November 2, 1993.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. (A24-353-513)
 Winston W. Tsai, Bethesda, Maryland, for Petitioner.
 Frank W. Hunger, Assistant Attorney General, Robert Kendall, Jr., Assistant Director, Karen Fletcher Torstenson, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.
 I.N.S.
 AFFIRMED.
 Before HALL and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Agatha Walker (nee Osueke), a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen deportation proceedings for application of adjustment of status.
 
 
 2
 Walker was admitted to the United States on January 9, 1982, as a nonimmigrant student. On February 22, 1982, she married Michael Walker, a United States citizen. She filed an application for permanent resident status on May 24, 1982. A visa petition filed on her behalf was denied when Mr. Walker failed to appear at the Immigration and Naturalization Service ("INS") office and failed to notify the INS of his change in address. Walker's application for permanent resident status was thereafter denied.
 
 
 3
 On December 12, 1984, Walker was issued an order to show cause. The INS alleged she entered the United States on January 9, 1982, that she was approved to attend Southeastern University, and that she terminated her attendance at Southeastern in April 1982. The INS alleged that she was deportable under 8 U.S.C. § 1251(a)(9) (1988), for failing to comply with the conditions of the status under which she was admitted.
 
 
 4
 On May 9, 1985, the immigration judge ("IJ") found Walker ineligible for adjustment of status. At the hearing Walker testified that she was admitted to the United States on a student visa, authorized to attend Southeastern. She maintained a full course load during the one semester that she was at Southeastern. In April 1982, the semester ended and summer vacation began. Walker completed the INS permission form to transfer to the University of District of Columbia and submitted the form to the school. She began taking courses at the University of District of Columbia in September 1982. As of May 1985, Walker was still enrolled and had not taken less than a full course load.
 
 
 5
 The IJ found that permission to transfer from an approved school was required prior to transferring. Because she transferred without permission from the INS, Walker failed to maintain her status and was deportable. Walker's application for adjustment of status was denied, and she was granted voluntary departure by July 1, 1985. Walker appealed the denial of the visa petition and the finding that she was deportable.
 
 
 6
 On September 20, 1985, during the pendency of her appeal, a visa petition filed by Mr. Walker on her behalf was approved. On October 21, 1985, Walker filed a motion to reopen based upon the approved visa petition. She sought adjustment of status under 8 U.S.C.A. § 1255 (West Supp. 1993). The BIA granted her motion to reopen on September 23, 1988 and remanded the case to the IJ to consider Walker's application for adjustment of status in light of the approved visa petition.
 
 
 7
 At the January 19, 1989 hearing, the IJ scheduled a hearing for June 2, 1989, at 1:00 p.m., to consider the merits of the adjustment application and told Walker to appear at that time. On February 6, 1989, Walker filed an application for suspension of deportation pursuant to 8 U.S.C.A. § 1254(a) (West 1970 & Supp. 1993), and reported that she had no children.
 
 
 8
 On June 2, 1989, Walker failed to appear at the scheduled hearing. Her attorney stated that he had no explanation for her absence* and requested a continuance. The IJ, finding that Walker had no reasonable excuse for her absence, conducted the hearing in absentia and found that Walker had failed to prosecute her application for adjustment of status or other discretionary relief. The previous findings of deportability were reinstated. Walker was ordered deported to Nigeria, her application for adjustment of status was denied, and her motion for suspension of voluntary departure was denied. Walker appealed this decision to the BIA, contesting the issue of deportability. The BIA found Walker deportable as charged and dismissed the appeal on June 13, 1990.
 
 
 9
 On January 8, 1993, Walker filed her second motion to reopen the deportation proceedings to apply for adjustment of status. She submitted an immediate relative visa petition which had been approved on June 23, 1992, and an application for status as a permanent resident. With her motion, Walker submitted evidence that she divorced Michael Walker on April 2, 1991, and, on April 16, 1991, married Maurice Nwachukwu, a Nigerian native who became a naturalized citizen of the United States on March 12, 1991. Walker stated that she and Maurice have three children: Ugomma Nwachukwu, born May 4, 1988, Uchenna Nwachukwu, born February 28, 1990, and Patience Nwachukwu, born June 20, 1991.
 
 
 10
 The BIA denied the motion to reopen on March 25, 1993. The Board assumed for purposes of the motion that the evidence was previously unavailable and that a prima facie case of eligibility for adjustment had been presented. The BIA denied Walker's petition in the exercise of discretion.
 
 
 11
 The BIA's decision explained the weight accorded various facts of the case. Walker's failure to appear at the June 2, 1989 hearing and her failure to explain her absence were viewed as factors counselling against a favorable exercise of discretion. Walker's lengthy stay in the United States was not viewed as an equity in her favor because she had only been in the United States three years before the deportation proceedings began. The remaining seven years were due to Walker's motions and appeals of the deportation orders. Walker's marriage to Maurice was likewise not viewed as an equity in her favor. The BIA found that the marriage to a United States citizen was not entitled to much weight because the marriage took place nearly two years after an administratively final order of deportation had been entered. The fact that Walker and her husband had three children who were United States citizens was not afforded much weight because the eldest child was born in May 1988, and Walker's February 1989 request for suspension of deportation noted that she had no children. The BIA found this discrepancy relevant. Walker's motion to reopen was denied, and she was ordered deported. Walker filed a petition for review of the BIA's denial of her motion to reopen.
 
 
 12
 The regulations governing immigration proceedings"plainly disfavor" motions to reopen. Immigration & Naturalization Serv. v. Abudu, 485 U.S. 94, 107, 110 (1988); Immigration & Naturalization Serv. v. Jong Ha Wang, 450 U.S. 139, 143-45 & n.5 (1981).
 
 
 13
 Motions to reopen in deportation proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing....
 
 
 14
 8 C.F.R. § 3.2 (1992). The BIA is afforded considerable discretion in denying motions to reopen. INS v. Doherty, 60 U.S.L.W. 4085, 4088 (U.S. 1992); Abudu, 485 U.S. at 104-05; M.A. A26851062 v. United States INS, 899 F.2d 304, 310 (4th Cir. 1990) (in banc).
 
 
 15
 There are three independent grounds upon which a motion to reopen may be denied. Abudu, 485 U.S. at 104-05. First, the BIA may find that the movant has failed to establish a prima facie case for the underlying substantive relief. Second, the BIA may hold that the movant has failed to introduce previously unavailable, material evidence under 8 C.F.R. § 3.2. Third, where the ultimate grant of relief is discretionary, such as asylum, suspension of deportation, or adjustment of status, "the BIA may leap ahead, as it were, over the two threshold concerns (prima facie case and new evidence/reasonable explanation), and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief." Abudu, 485 U.S. at 105; see Mortazavi v. Immigration & Naturalization Serv., 719 F.2d 86, 88 (4th Cir. 1983).
 
 
 16
 On the authority of Abudu, the BIA assumed that Walker had presented previously unavailable evidence and that she had shown a prima facie case of eligibility for adjustment of status; however, the BIA determined that Walker was not entitled to a favorable exercise of discretion. This determination is reviewed only for abuse of discretion. Borokinni v. United States INS, 974 F.2d 442, 444 (4th Cir. 1992); M.A. A26851062, 899 F.2d at 308; Mortazavi, 719 F.2d at 88.
 
 
 17
 After noting that Walker's marriage to Nwachukwu occurred nearly two years after the final order of deportation, the BIA concluded that the "marriage is not worthy of as much discretionary weight as in the case of an alien who does not have an outstanding order of deportation against her." See Mortazavi, 719 F.2d at 88 (marriage after final order of deportation may be considered, but does not compel reopening of proceedings).
 
 
 18
 The BIA viewed Walker's unexplained failure to appear for her June 2, 1989 deportation hearing as a serious adverse factor militating against relief. The disregard of an order of the immigration court is a factor adverse to the BIA's exercise of discretion. See Mortazavi, 719 F.2d at 88 (failure to appear in compliance with deportation order); Achacoso-Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1266 (7th Cir. 1985) (same). We find that the BIA properly viewed with disfavor Walker's failure to report as ordered for the scheduled deportation hearing.
 
 
 19
 Also, in her motion to reopen, Walker stated that she has three children who are United States citizens. The eldest child was born on May 4, 1988. However, in her February 6, 1989 request for suspension of deportation, Walker claimed that she had no children. Walker now asserts that the suspension application was prepared prior to the birth of her first child. (Petitioner's Br. at 7). However, we find that the BIA did not abuse its discretion in determining that the application, filed nine months after the birth of the first child, was evidence of Walker's lack of candor.
 
 
 20
 Regarding Walker's ten-year stay in the United States, the BIA acknowledged that a lengthy residency in the United States is generally a favorable factor to be considered in discretionary decisions. See Matter of Marin, 16 I. & N. Dec. 581, 584-85 (BIA 1978). However, the BIA discounted this factor, noting that deportation proceedings had begun when Walker had been in the United States only three years. Walker's ten-year stay in the United States was attributed to her immigration appeals and motions. Because the Board is authorized to ignore time spent in the United States pursuing frivolous appeals in determining whether an alien is eligible for relief requiring a minimum stay in the United States, Immigration & Naturalization Serv. v. Rios-Pineda, 471 U.S. 444, 449-50 (1985); Borokinni, 974 F.2d at 445, the BIA may ignore such time in the exercise of its discretionary power to grant reopening or adjustment of status.
 
 
 21
 We find that the Board of Immigration Appeals presented a rational explanation for its finding that Walker did not merit a favorable exercise of discretion, see M.A. A26851062, 899 F.2d at 310, and therefore affirm the BIA's denial of Walker's motion to reopen. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Walker's reason for not attending is presented for the first time in her brief filed in this Court. She states that "she was unable to attend the hearing because of illness and early pregnancy problems." (Petitioner's Br. at 3)