60 F.3d 820
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Amado Arguelles BERGADO, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-2216.
 United States Court of Appeals, Fourth Circuit.
 Submitted: February 28, 1995.
Decided: July 6, 1995.
 
 Paul S. Allen, Paul Shearman Allen & Associates, Washington, DC, for Petitioner. Frank W. Hunger, Assistant Attorney General, Joan E. Smiley, Robert Kendall, Jr., Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.
 Before MURNAGHAN, WILKINSON, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Amado Arguelles Bergado ("Bergado") petitions for review of an order of the Board of Immigration Appeals ("the Board") dismissing his appeal and ordering his deportation. For the reasons set forth below, we deny the petition.
 
 
 2
 Bergado, a native and citizen of the Philippines, entered the United States at an unknown time and place. On March 29, 1993, Bergado went to the Immigration and Naturalization Service ("INS") office in Arlington, Virginia seeking an extension of an employment authorization card. INS Special Agent Elizabeth Goyer ("Goyer") determined that the card was counterfeit and began questioning Bergado. Bergado eventually pled guilty to one count of fraud in connection with his use of the false employment authorization card.
 
 
 3
 Based on the information Bergado provided to Goyer during his interrogation, the INS initiated deportation proceedings. At the proceedings, Bergado denied deportability and requested voluntary departure. The INS called Goyer as a witness. Goyer testified that when she questioned Bergado, he admitted he was "illegal." Goyer also testified that Bergado did not present entry documents and that she found no evidence of his entry into the United States when she checked INS's information systems and records. Goyer continued that she examined Bergado's passport in connection with the criminal proceedings and that the passport did not contain an entry visa. Goyer testified that she recorded this information on a form I-213, Record of Deportable Alien, the which was admitted into evidence at the deportation hearing.
 
 
 4
 The Immigration Judge ("IJ") found that the evidence clearly established that Bergado was an alien who entered the United States without a visa. The IJ found that Goyer's testimony demonstrated that Bergado was from the Philippines. Based on these findings, the IJ invoked the statutory presumption that, once alienage is established, the burden shifts to the alien to establish the time, place, and manner of entry. Bergado offered no evidence to show that he was not an alien and offered no evidence regarding his entry into the United States. Consequently, the IJ found that Bergado was deportable as an alien with no valid immigrant visa. The IJ ordered Bergado deported, but granted Bergado's application for voluntary departure.
 
 
 5
 Bergado appealed the IJ's decision to the Board. In his appeal, Bergado argued that the INS failed to meet its burden of showing deportability. Bergado claimed that Goyer's testimony was not credible, that Bergado was entitled to Miranda* warnings prior to being interviewed by the INS, that the form I-213 should not have been considered by the IJ, and that the IJ erred in admitting Goyer's testimony regarding the contents of Bergado's passport. The Board determined that these arguments were without merit, dismissed the appeal, and ordered Bergado to be deported in accordance with the IJ's order.
 
 
 6
 Bergado now contends on appeal that the Board erred in finding that the INS proved deportability by clear, unequivocal, and convincing evidence. Additionally, Bergado claims that the Board should have held that the IJ erred in considering Goyer's testimony regarding the contents of Bergado's passport and the information on the form I-213.
 
 
 7
 This Court has jurisdiction, pursuant to 8 U.S.C. Sec. 1105a(a) (1988), to review Board orders of deportation. This Court need only assess whether the Board's order is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." Mortazavi v. INS, 719 F.2d 86, 87 (4th Cir.1983) (quoting 8 U.S.C. Sec. 1105a(a)(4) (1981)).
 
 I.
 
 8
 Bergado claims that the IJ improperly considered certain evidence at the deportation hearing. An immigration judge may "receive in
 
 
 9
 evidence any oral or written statement which is material and relevant to any issue in the case previously made by the respondent or any other person during any investigation, examination, hearing, or trial." 8 C.F.R. Sec. 242.14(c) (1994). Rules of evidence are inapplicable at deportation proceedings; rather, the test for admissibility is whether the evidence is probative and fundamentally fair. Bustos-Torres v. INS, 898 F.2d 1053, 1055 (5th Cir.1990).
 
 
 10
 Bergado argues that the IJ should not have considered Goyer's testimony regarding the contents of his passport. Bergado asserts that this testimony was not the "best evidence" of the contents of the document. Goyer's sworn testimony regarding the contents of Bergado's passport was not so deficient that its admission was fundamentally unfair, especially since Goyer merely conveyed the simple fact that the passport did not have an entry visa. Thus, the Board's conclusion that the IJ did not err in considering Goyer's testimony is supported by substantial evidence.
 
 
 11
 Bergado also claims that the IJ should not have considered the form I-213, because Goyer's testimony regarding the preparation of the form was inconsistent. To substantiate this claim, Bergado relies on Goyer's initial statement that when she questioned Bergado he said he was a illegal and then immediately invoked his right to remain silent. Bergado contrasts this with Goyer's later testimony, in which she said that prior to invoking his right to remain silent, Bergado provided his name, country of citizenship, address, birthday, and country of birth.
 
 
 12
 The IJ found that Goyer's testimony was credible; such findings regarding the credibility of witnesses are given substantial deference by reviewing courts and will only be disturbed when they are unsupported by substantial evidence. See Figeroa v. INS, 886 F.2d 76, 78 (4th Cir.1989) (stating that immigration judge's credibility findings are given deference if supported by substantial evidence). The minor inconsistencies in Goyer's testimony, are insufficient to lead to a determination that Goyer's testimony was so incredible that the IJ erred in admitting the form I-213. Thus, substantial evidence supports the Board's conclusion that Bergado's appeal on these grounds was without merit.
 
 II.
 
 13
 The INS must prove deportability by clear, unequivocal, and convincing evidence. Woodby v. INS, 385 U.S. 276, 284-86 (1966). Goyer testified at the deportation proceeding that Bergado admitted he was illegal and that he was from the Philippines. Additionally, Goyer stated that she examined Bergado's passport, and it did not contain an entry visa. Finally, Goyer testified that she examined INS records, and there was no evidence of Bergado's entry into the United States.
 
 
 14
 This was sufficient evidence to establish that Bergado was an alien. Once alienage was established, the burden shifted to Bergado to show that he was here legally. 8 U.S.C. Sec. 1361 (1988). Bergado offered no such evidence, either to contest alienage or to show he was here legally. In absence of such evidence, the IJ invoked the statutory presumption that Bergado was here illegally and found that Bergado was deportable. Id. The Board's approval of this finding was supported by substantial evidence.
 
 
 15
 In light of the foregoing, we deny Bergado's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the this Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Miranda v. Arizona, 384 U.S. 436 (1966)